## THE PEOPLE v. AH SING.

UNDER our statute, an indictment for larceny, stating the property to belong to "Hanach, Eisner & Co.," is sufficient, without giving the names of the members of that firm.

APPEAL from the Court of Sessions of Sacramento.

For facts see opinion. Defendant appeals.

*Samuel Sankey*, for Appellant.

*F. M. Pixley, Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was indicted for the crime of grand larceny, in

People v. Ah Sing.

stealing certain coin, which in the indictment is stated to be the property of Hanach, Eisner & Co.  A demurrer to this indictment was overruled ; and on trial The People proved that Hanach, Eisner & Co. were a mercantile firm composed of Samuel Hanach, Eisner and Alvin Jones.  The defendant being found guilty, a motion was made for a new trial, and also in arrest of judgment, which motions were overruled, and a judgment entered on the verdict, from which the defendant has appealed.

It is a settled rule of pleading in criminal cases, that if stolen property belongs to a partnership, the names of all the partners, if known, must be stated in the indictment as owners ; and if not all known, then it must be stated to be the property of one, naming him, and of others unknown.  (Wharton's Crim. Law, sec. 1833 ; *Hogg* v. *State*, 3 Blackf. 326 ; *Commonwealth* v. *Trimmer*, 1 Mass. 476.)

The embarrassments arising from this rule have been obviated in Great Britain by Act of Parliament ; and although we have no similar statute specially for this purpose, we think the same result is produced by the general provisions of our statute regulating criminal proceedings.  By section two hundred and thirty-five it is provided that the rules by which the sufficiency of pleadings is to be determined shall be those which are prescribed by that act ; and by section two hundred and thirty-seven, the acts constituting the offense are to be stated in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.  The property stolen in this case belonged to certain persons who did their business under a firm name.  By such firm name they can acquire and transfer property, and by a recent statute may also be sued by such firm name.  In pleadings in civil cases, it would be sufficient for the purpose simply of describing the ownership of property, to aver that it was the property of certain persons doing business under the firm name of Hanach, Eisner & Co. ; and we think it sufficient, under our statute regulating criminal proceedings, to allege the ownership of the stolen goods in the same way, which was substantially the form of the averment in this case.

Judgment affirmed.