State *v.* O'Flaherty.

THE STATE OF NEVADA, Respondent, *v.* TIM O'FLAHERTY, Appellant.

Affidavit for Continuance—Material Facts to be Stated Positively.   Where on motion for continuance in a criminal case, on account of absence of a material witness, defendant made an affidavit to the effect, among other things, that a subpœna had been issued in due time for him and placed in the sheriff's hands; that the sheriff had returned it "not found in the county"; that the witness resided at a certain place in the county ; and that affiant was informed by his counsel and believed that the sheriff had been at the time told the place of such residence : *Held*, that the fact of the sheriff having been so informed should have been shown positively, and not upon mere information and belief ; and that, in the absence of such positive statement, and no good reason shown why the affidavit of the attorney or sheriff could not be procured, a refusal of the motion was no error.

Practice on Refusal of Continuance.   Where a continuance on account of the absence of a witness is refused, the safer practice is to embody all the testimony in a bill of exceptions; and on motion for a new trial to file the affidavit of the witness, if procurable, setting forth the facts within his knowledge.

Form of Indictment—Legislative Power.   The power of the legislature to mold and fashion the form of an indictment is plenary ; its substance, however, cannot be dispensed with.

Constitutional Right of Accused to Proper Indictment.   A defendant in a criminal action is entitled under the constitution to have the essential and material facts charged against him found by a grand jury.

Assault with Intent to Murder—Sufficiency of Indictment.   Where an indictment charged that on a certain day, defendant, without authority of law

11

State v. O'Flaherty.

and with malice aforethought, did shoot at one James Norton with a pistol loaded with powder and leaden bullets with intent to kill him, &c.: *Held*, that the technical word "assault" should have been employed, and an intent to murder stated; but the statutory form of indictment having been followed and no objection before judgment made, the indictment should be held sufficient.

INDICTMENT CHARGING "SHOOTING AT" PERSON WITH LOADED PISTOL. The words "shoot at" in an indictment imply that the person shot at was within range and distance; and where such "shooting at" a person with loaded pistol with intent to kill him is charged, it is permissible and necessary to prove the preparation and efficiency of the weapon, and other circumstances evidencing the ability of defendant.

INFORMAL ALLEGATION OF INTENT TO MURDER. An allegation in an indictment that a shooting at another person with a loaded pistol was "without authority of law and with malice aforethought, and with intent to kill him," is sufficient as an allegation of an intent to murder.

DEFECTS OF FORM IN INDICTMENT—OBJECTIONS TO BE MADE BELOW. Objections to the form of an indictment for defects apparent upon its face cannot be taken advantage of for the first time on appeal.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

The defendant having been convicted of an assault with intent to murder, as stated in the opinion, was sentenced to imprisonment in the state prison for the term of fourteen years.

*T. D. Edwards*, for Appellant.

I. If a defendant in a criminal case, when called for trial, finds himself unprepared, courts should be and usually are extremely indulgent in granting adjournments, even where it is simply expedient that a continuance should be had.    3 Graham & Waterman on N. T. 894; *Turner* v. *Morrison*, 11 Cal. 22; 28 Cal. 445; 6 Cow. 578; 7 Cow. 399; 9 Geo. 373; 5 Ind. 533; 6 Wend. 603; 6 Cal. 250.

II. The court's discretion is to be used within well established legal rules.    It is a sound and equitable and not an arbitrary discretion, which the court is required to exercise.    3 Graham & Waterman on N. T. 1001; *Hook* v. *Marmy*, 4 Hen. & Mum. 157 : Note; *Jacob* v. *Sale*, Gilmer, 123; 1 Black. 50.

*T. W. W. Davies*, also for Appellant, on rehearing.

I. The facts stated do not constitute a public offense, as no crime is charged known to the criminal laws of this state. Our statute has not repealed the common law in its technicality in charging the intent in determining the degree of guilt; but, if at all, only in the description of the offense, and acts that constitute it.

II. The statutory form of indictment for assault with intent to murder is not only defective for uncertainty, but utterly insufficient in the light of all well established precedents. Under the constitution of this state and of the United States, the legislature had no power to prescribe any such form. Const. of Nev., Art. VIII, Sec. 8; U. S. Const., Amendment V; 3 Nev. 416; 2 Parker's Crim. Rep. 700; 513.

III. The offense sought to be charged is not set forth with the requisite directness and certainty to constitute an "assault"; there must be an unlawful attempt, coupled with present ability to commit a violent injury upon the person of another. One of the facts necessary to show a present ability is not contained in the indictment, to wit: that the defendant was within shooting distance at the time he is charged with discharging the pistol. (Stats. 1861–64, Sec. 46.) *People* v. *Yslas*, 27 Cal. 630.

*L. A. Buckner*, Attorney General, for Respondent.

By the Court, GARBER, J.:

The appellant was convicted of an assault with intent to murder. He assigns for error the refusal of the court to grant him a continuance, for which he applied upon an affidavit, in which he deposed that one John Bradley was a necessary witness for him; that on the twenty-first day of November, 1870, the cause was set for trial on the first of December, 1870; that on the twenty-second of November, he procured from the clerk a subpoena for said witness, and on the same day placed said subpoena in the hands of the sheriff for service; that the sheriff, as affiant is informed by his counsel, F. M. Smith, and believes the same to be true, placed said subpoena in the hands of L. Jackson, deputy sheriff, for service;

that said sheriff has returned said subpœna with the following endorsement thereon.: "The within named John Bradley not found within this county"; that said Bradley resides at Cope Mining District, in this county, and that said sheriff, as affiant is informed by his said counsel and believes true, was so informed at the time said subpœna was placed in his hands; that said witness' attendance upon this court at the next term thereof can be procured; and that this affidavit is not made for delay, but that justice may be done. The affidavit also set forth the facts expected to be proved by the witness, and that affiant knew of no other witness by whom he could prove any of said facts. These facts were pertinent and material to the issue joined.

It was necessary to state in the affidavit, the fact that the sheriff was informed of the whereabouts of the witness; and under the circumstances, we think it was equally necessary that this fact should have been positively averred, and not merely upon information and belief. If there existed any good reason why the affidavit of the sheriff or the attorney could not be procured, such reason should have been made to appear. There would be much less danger in granting continuances upon the unsworn statement of the attorney, made in open court, than in granting them, he being within call, upon the oath of the defendant, that his attorney had made such statement to him out of the court. 1 Hempstead, 700; 2 Blackford, 286; 24 Cal. 37; 38 Cal. 188. Other material facts are also stated upon information and belief only. The safer practice, where a continuance is refused, is to embody all the testimony in the bill of exceptions, and on moving for a new trial, to file the affidavit of the witness, if procurable, setting forth the facts within his knowledge and to which he would have testified. 8 Smedes & M. 401. The judgment is affirmed.

A rehearing having been granted, the following opinion was rendered at the January term, 1872:

By the Court, GARBER, J.:

On the first hearing of this appeal, the only assignment of error related to the action of the court below in refusing a continuance.

A petition for a rehearing was filed, in which, for the first time, the position was taken that the indictment is fatally defective, in that it fails to show a present ability on the part of the defendant to consummate the intention alleged, either by using the technical word "assault," or by stating, in other terms, facts showing the existence of such ability; and in that it fails to charge an intent to commit murder. In order that the question of the sufficiency of the indictment might be argued, a rehearing was granted. The indictment accuses the defendant of a felony, committed as follows: "That the said Tim. O'Flaherty, on the 15th day of June, A. D. 1870, in the county of Elko, state of Nevada, without authority of law and with malice aforethought, did shoot at one James Norton with a pistol, loaded with powder and leaden bullets, with intent to kill him, the said James Norton, contrary," etc.

The attorney general contends that the indictment is in the form prescribed by the Statute of 1867, and must therefore be sustained. It is true, the indictment is in the exact form prescribed. But the question remains, whether it is materially and substantially defective.

The power of the legislature to mold and fashion the form of an indictment is plenary. Its substance, however, cannot be dispensed with. Upon the same principle, it is held, that a statute which destroys or materially impairs the right of trial by jury, as it existed according to the course of the common law, is repugnant to the constitutional guarantee of that right.

Then, what are the substantial, essential and material facts, to the finding of which, by the grand jury, the constitution entitled the defendant, and which, it is claimed, are not found by this indictment? They are, that the defendant, having the ability and intent, unlawfully, and with malice aforethought, to kill James Norton, did attempt so to murder the said Norton. It may be conceded that these facts are not alleged artistically, and with technical precision —to this end, the appropriate word "assault" should have been employed, and an intent to murder should have been stated. But that is not the question here. ' It is sufficient, no objection having been made before judgment, and the statutory form having been followed, that the requisite facts can be implied from the allegations on the record, by fair and reasonable intendment; and that the is-

sue joined was such as necessarily required on the trial proof of such facts. Thus tested, the indictment is good. The words "shoot at" had, before the statute prescribed this form, acquired a definite meaning in law, and had been held to imply that the person shot at was within range and distance. And, under indictments charging a shooting at another with a loaded pistol, or the like, it was always both permissible and necessary to prove the preparation and efficiency of the weapon, and other circumstances evidencing the ability of the defendant to do the mischief intended.

It is also substantially alleged, that the mischief here intended was to murder Norton. The words " without authority of law and with malice aforethought" applied to the shooting, extend on and qualify the intent alleged, and so equally refer to the subsequent word " to kill." *Heydon's Case,* 4 Co. 41, *a.*

It may be that, but for the statute prescribing this form, this indictment would be held ill on demurrer. But even without the aid of that statute, the indictment should be upheld against the objections here urged, on the ground that it is defective, if at all, in form rather than in substance; and that, consequently, though we construe Sections 286, 294, 430 and 472 of our Criminal Practice Act with the utmost possible strictness against the state, such defects, when apparent on the face of the indictment, cannot be taken advantage of for the first time on appeal. The objection may be waived by a failure to take it when and as the statute reasonably requires. It is contended for the state, that not even the objection that the facts stated do not constitute a public offense can be for the first time taken on appeal; but we need not pass upon the point in this case. The judgment is affirmed.