[No. 763.]

# THE STATE OF NEVADA, RESPONDENT, *v.* JAMES DERST, APPELLANT.

INDICTMENT—OBJECTIONS TO FORM WAIVED BY FAILURE TO DEMUR.—Where an indictment for grand larceny charged defendant with stealing "one jewelry-box, containing two gold watches and chains, of the value of three hundred dollars; all of said property, viz., the jewelry-box and its contents, was of the value of four hundred and fifty dollars, of the goods and chattels of one J. Jacoby:" *Held*, that an objection that the charge of stealing the box containing watches and chains is not a charge of stealing the watches except by way of inference, is correct; but the objection goes to the form and not to the substance of the allegation, and is waived by a failure to demur.

INDICTMENT NOT DEMURRED TO—WHEN SUFFICIENT.—*Held*, that it could be implied by fair and reasonable intendment, from the allegations of the indictment, that the defendant is charged with stealing the watches and chains; that a man cannot steal a box containing a watch which is the property of the owner of the box without stealing the watch.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

The facts are stated in the opinion.

*R. R. Bigelow*, for Appellant.

The indictment is fatally defective. It does not in direct language charge the commission of any offense whatever. The most favorable construction that can be given it is that it charges the larceny of a jewelry-box; but nowhere is there any allegation that the box was of any value except in connection with other articles, which we respectfully submit the defendant is not charged with stealing.

The allegation is, that defendant stole "one jewelry-box *containing* two gold watches," etc., but it does not say that he *stole* the watches, or any of the other jewelry. It may be argued that if defendant stole the box, and the box contained the jewelry, that he must have stolen the jewelry, but the conclusion does not necessarily follow the premises,

and even if it did, the indictment would still be bad, because it is argument instead of positive allegation. The commission of a crime must be charged positively and not argumentatively. (*People* v. *Logan,* 1 Nev. 110; 1 Bish. Crim. Pro., Sec. 508; *Com.* v. *The Proprietors,* 9 Pick. 142; *Com.* v. *Bolkom,* 3 Pick. 281.)

*J. R. Kittrell, Attorney-General,* for Respondent.

By the Court, Beatty, J.:

The defendant was convicted of grand larceny upon an indictment which charged him with stealing "one jewelry-box, containing two gold watches and chains, of the value of one hundred and fifty dollars; also, a large lot of jewelry, consisting of finger-rings, ear-rings, pins and chains, of the value of three hundred dollars; all of said property, viz., the jewelry-box and its contents, was of the value of four hundred and fifty dollars, of the goods and chattels of one J. Jacoby," etc.

On the trial, he objected to evidence of the value of the watches and chains upon the grounds that the indictment did not state facts sufficient to constitute an offense, and that it did not charge a larceny of the watches and chains. His objection was overruled; he excepted to the ruling and assigns it as error.

The argument in support of the assignment is that a charge of stealing a box containing watches is not a charge of stealing the watches, except by way of inference, which is not sufficient. This position is no doubt correct, but the objection goes to the form and not to the substance of the allegation, and is waived by a failure to demur.

In Logan's case (1 Nev. 110), which is relied on by appellant, it will be observed there was a demurrer to the indictment. In a later case—that of O'Flaherty (7 Nev. 157–8) —it was held, that where no objection is made to the indictment before judgment, it is sufficient if the requisite facts can be implied from the allegations on the record by

fair and reasonable intendment. Can it be implied, then, by fair and reasonable intendment from the allegations of this indictment that the defendant is charged with stealing the watches and chains? We think it is necessarily implied. A man cannot steal a box containing a watch which is the property of the owner of the box without stealing the watch.

The cases cited from Massachusetts are not in point, for two reasons. In the first place, the Massachusetts bill of rights entitles a defendant to have his offense "fully and plainly, substantially and formally described to him," while our Constitution does not require formality of statement, and the statute expressly dispenses with it. In the second place, both of the cases relied on (9 Pick. 142, and 3 Pick. 281) are decided upon the ground that the necessary facts cannot be implied from the allegations of the indictments. In one it is held, that having a license to keep an inn does not imply that the holder keeps an inn. In the other, an allegation that a man has not constructed a draw to his bridge, is held not to imply that he has any bridge; in both of which conclusions we should readily agree.

We think there was no error in the ruling of the court, and the judgment is affirmed.