[No. 10,703.—In Bank.]
Feb. 28, 1882.

## THE PEOPLE *v.* LEONG QUONG ET AL.

LARCENY—VARIANCE AS TO OWNERSHIP OF PROPERTY—NAME.—The appellants were convicted of the crime of grand larceny, for stealing a horse and wagon, the alleged property of one Sang Hop. On the trial of the case the owner of the property stolen testified that he had two names—a business name and a personal one. His personal name was Yup Chin, and his business name Sang Hop; and that in all his business transactions and dealings, for years, he has been known by his business name only.

*Held:* The name of the owner of property stolen is not a material part of the offense charged. It is only required to identify the transaction, so that the defendant, by proper plea, may protect himself against another prosecution for the same offense. The owner may have a name by reputation, and if it is proved that he is better known by that name than any other, the charge in the information by that name is sufficient.

APPEAL from a judgment of conviction, and from an order denying a new trial in the Superior Court of the City and County of San Francisco. FERRAL, J.

*Thomas F. Barry,* for Appellants.

No brief on file for Respondent.

McKEE, J.:

The appellants, in this case, were convicted in the Court below of the crime of grand larceny, for stealing a horse and wagon, the alleged property of one Sang Hop. The commission of the offense was proved by unquestioned evidence. No exception is taken to the charge of the Court to the jury, but it is contended that the verdict is contrary to law, because of a variance between the information and evidence as to the name of the injured party.

On the trial of the case the owner of the property stolen testified that he had two names—a business name and a personal one. His personal name was Yup Chin, and his business name Sang Hop; and that in all his business transactions and dealings, for years, he has been known by his business name only.

The name of a person is the designation by which he is known. As, therefore, the owner of the property was known

by the name of Sang Hop, that name was sufficient, in legal proceedings, whether he had another name or not. As is said by the Supreme Court of Massachusetts: "The name which was given to a person at the time he was baptized is to be taken as originally, and presumed to continue his name; but if after his baptism he adopts and uses another name by which he is subsequently well known in the community where he resides, prior to and at the time of the alleged sale, it is sufficient if he is described by that name in the complaint." (*Commonwealth* v. *Trainor*, 123 Mass. 415.) The name of the owner of property stolen is not a material part of the offense charged. It is only required to identify the transaction, so that the defendant, by proper plea, may protect himself against another prosecution for the same offense. The owner may have a name by reputation, and if it is proved that he is better known by that name than any other, the charge in the information by that name is sufficient. (*The State* v. *Bell*, 65 N. C. 314.)

There was, therefore, no variance between the information and proof in the case which affected any substantial right of the defendant. (*People* v. *Hughes*, 41 Cal. 236.)

Judgment and order affirmed.

Morrison, C. J., and Ross, Myrick, Thornton, and Sharpstein, JJ., concurred.