McCOWAN v. STATE.

Opinion delivered June 10, 1893.

*Larceny—Indictment—Allegation of ownership.*

> An indictment charging the defendant with stealing "two ladies' walking jackets, of the value of ten dollars each, the property of W. L. C. & Co.," without giving the names of the owners or alleging that "W. L. C. & Co." is a corporation, and without further description of the property, is insufficient.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

*T. E. Webber* for appellant.

The judgment should have been arrested. The allegation of ownership is necessary and must be laid in the names of the joint and several owners, *not in partnership name.* 47 Ark. 233; 29 *id.* 68; 37 *id.* 116; 42 *id.* 73; 55 *id.* 246; 2 Bish. Cr. Law, sec. 718 *et seq.*

*James P. Clarke*, Attorney General, for appellee.

Under the common law, the ownership must be alleged in the names of the joint and several owners. But the tendency now is to disregard technicalities and formalities. Our code is in harmony with this reformation. Crim. code, sec. 127. This is not a case of

variance, as in 55 Ark. 244, but the indictment designates the ownership in a manner simple and plain enough for a person of common understanding to grasp it, and this is sufficient under the code. 80 Cal. 229 ; 77 Cal. 445 ; 19 Cal. 598 ; 13 Bush (Ky.), 337 ; 55 Ark. 244.

HUGHES, J. The indictment in this case is for larceny, and describes the property alleged to have been stolen as "two ladies' walking jackets," and lays the ownership in " W. L. Connevey & Co.," without stating the names of the firm or partnership of " W. L. Connevey & Co. and without further description of the property alleged to have been stolen. There was a motion in arrest of judgment on the ground that the names of all the joint owners of the property were not stated in the indictment, which was overruled.

At common law, if the stolen goods are the property of partners, or joint owners, the names of all the partners or joint owners must be stated. The case of the *People* v. *Bogart*, 36 Cal. 248, was an indictment for larceny, in which the ownership of the coins stolen was laid in "Wells, Fargo & Co.," without stating the names of the firm of "Wells, Fargo & Co." and without stating that "Wells, Fargo & Co." was the name of a corporation. This was held insufficient under the Califonia code, which is substantially the same as ours. According to that case, we hold that if " W. L. Connevey & Co." is the name or style of a firm or partnership, the names of the several persons who compose the firm should be stated. Or if the indictment should state that one member of the firm, naming him or her, had special property in the goods stolen by reason of separate possession, an allegation of ownership in him or her would be sufficient. If " W. L. Connevey & Co." is the name of a corporation, the indictment would have been good, had it contained an allegation to that effect. *Id.;* *People* v. *Schwartz*, 32 Cal. 160 ; 2 Bishop, Cr. Pro.

secs. 718, 723; *Hogg* v. *State*, 3 Blackf. 326; *Common-wealth* v. *Trimmer*, 1 Mass. 476; 1 Bishop, Cr. Pro. sec. 493 *et seq*.

It is true that, in 19 Cal. 598, in the case of *People* v. *Ah Sing*, an indictment for larceny, which laid the ownership of the stolen goods in "Hanach, Eisner & Co.," without further description of the owners, was held sufficient, under a provision of the California code, which is exactly the same as the 2nd clause of section 2121 of Mansfield's Digest, which provides that an indictment is sufficient if it contains a "statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

In the case of *Reed* v. *Commonwealth*, 7 Bush, 641, an indictment for larceny was held sufficient which laid the ownership of the stolen property as "the property of the Tennessee River Packet Co., D. W. Swan, Little Brothers and others," without stating the names of the several owners. To support this the court relied upon a provision of the Kentucky code which is the same exactly as section 2107 of Mansfield's Digest, which provides that "no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

But there should always be sufficient particularity and certainty in an indictment, in a matter of substance, to enable the defendant to prepare for his defense, and to plead his acquittal or conviction successfully, should he be again indicted for the same offense. Wharton, Cr. Pl. sec. 166*b; Rhodus* v. *Commonwealth*, 2 Duvall (Ky.), 159; *Barton* v. *State*, 29 Ark. 68.

All the members of a partnership sometimes go out and cease to be members, and entirely new members take their places, and yet retain the name of the old

firm. It cannot therefore be readily known who are members of a firm from the style or name of the firm.

There is not sufficient description of the offense in the indictment here without the names of the joint owners of the property to identify the act, and render the names of the joint owners of the property immaterial, and thus make the indictment sufficient under section 2111 of Mansfield's Digest, which provides that "where an offense involves the commission (of), or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material."

The offense described is laid as the stealing, taking and carrying away of "two ladies' walking jackets of the value of ten dollars each, the property of W. L. Connevey & Co." which is a very general and indefinite description of the offense, and insufficient of itself. The indictment being bad in substance, no judgment should have been rendered thereon against the appellant. *Younger* v. *State*, 37 Ark. 116.

The motion in arrest of judgment should have been sustained. The judgment is reversed, and the cause is remanded for further proceedings.