## SHAIN v. DU JARDIN.

### No. 15,582; December 10, 1894.

38 Pac. 529.

**Sale—Action for Price—Evidence.**—In an Action by the Assignee of R. & Co. for the price of goods sold by such firm to defendant, a witness stated that he was manager for R. & Co.; that he knew and had interviews and correspondence with defendant; that such firm sold him goods; that he was a customer of the firm before the witness became manager, and, without consulting the books, could not tell the extent of his purchases; that the balance due June, 1892, was $547; that he and defendant agreed on a balance of $497.30, which defendant agreed to pay in monthly payments; and that he afterward paid $57. Plaintiff proved an assignment to him by F. under a power of attorney from R. & Co. to F., executed by Y., who was

shown to be the sole partner of such firm. Held, that the evidence supported a judgment for $440.30 for plaintiff.

Pleading—Denial on Information and Belief.—An answer denying the allegations of the complaint "as this defendant is informed and believes" does not constitute a sufficient denial thereof.[1]

Partnership.—One Person, or an Association of persons, may do business under a firm name entirely distinct from the name or names of the person or persons composing the firm.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by Joseph E. Shain against L. Du Jardin to recover for goods sold and delivered to defendant by Rice & Co., plaintiff's assignors. From a judgment for plaintiff and from an order denying a motion for a new trial defendant appeals. Affirmed.

F. Wm. Reade for appellant; Jos. E. Shain in pro. per.

SEARLS, C.—This is an action to recover $440.30 for goods, wares and merchandise sold and delivered by Rice & Co., assignors of plaintiff, to the defendant. The cause was tried by the court, without a jury, and written findings filed, upon which judgment was entered in favor of plaintiff. The appeal is from the judgment and from an order denying defendant's motion for a new trial. The sole point made by appellant is that his motion for a nonsuit should have been granted. The motion was based upon the ground that the proofs failed to establish the sale of goods, wares and merchandise by Rice & Co. to defendant, or that there was evidence of the sale, delivery or value of any goods. A single witness was called for plaintiff, who testified, in substance, that he was manager in San Francisco for Rice & Co., liquor dealers of Covington, Kentucky; that he knew defendant, had interviews and correspondence with him. He said Rice & Co. sold defendant goods. He had been a customer of that firm before witness became manager, and, without consult-

---

[1] Cited in a note in Ann. Cas. 1912C, 150, on the effect of denial on information and belief of matter necessarily within the knowledge of the defendant.

Cited in the note in 133 Am. St. Rep. 124, on when are denials on information and belief permissible.

ing the books, could not tell the extent of defendant's purchases. The witness then stated that the balance due June, 1892, was $547; that defendant called at the office; they agreed upon the balance due as $497.30, and defendant agreed to make monthly payments until all was paid. He made one payment of $57, and nothing further. Plaintiff then proved an assignment of the claim of Rice & Co. to plaintiff, under a power of attorney from that firm to J. C. Fyfe, executed by John C. Yost, who was shown to be the sole partner of the firm of Rice & Co. Defendant offered no testimony. This uncontradicted testimony was sufficient to uphold the finding. It may well be doubted if, under the pleadings, any testimony was necessary as to the sale and delivery of the goods. The complaint was in the usual form, for goods, wares and merchandise sold and delivered by Rice & Co. to defendant at his request, at an agreed price, amounting to $440.30, which defendant promised to pay, etc. The complaint is verified. The only attempt at an answer is as follows: "Now comes the defendant above named, and, for his answer to the complaint filed herein, alleges and sets forth that, as this defendant is informed and believes, he denies that the firm of Rice & Co. delivered goods, wares or merchandise to this defendant amounting to the sum of four hundred and forty 30-100 dollars, or in any amount." To say that as one is informed and believes he denies a thing is not to deny it positively or upon information and belief, or a denial for want of information or belief.

The contention that Rice & Co. was a fictitious name, and for that reason they could not maintain an action, needs no extended comment. A single individual or an association of individuals may do business under a firm name entirely distinct from the name or names of the person or persons composing such firm. In the absence of fraud, and as between himself and those with whom he deals, a person may do business and execute contracts under any name he chooses to assume: Bell v. Publishing Co., 42 N. Y. Super. Ct. 567; Ex parte Snook, 2 Hilt. (N. Y.) 566; People v. Leong Quong, 60 Cal. 107. If the defendant purchased goods from the assignor of the plaintiff, who was doing business under the name of Rice & Co., he cannot, in the absence of fraud, evade

payment by showing that Rice & Co. was not the true name
of the party from whom he purchased.

The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing
opinion the judgment and order appealed from are affirmed.