## COURT OF APPEALS,

### Nov. 15, 1910.

## THE PEOPLE v. HERBERT C. MEAD.

(200 N. Y. 15.)

INDICTMENT—GRAND LARCENY—NOT NECESSARY TO STATE THAT PARTY FROM WHOM MONEY WAS TAKEN WAS AN ASSOCIATION OR CORPORATION.

An indictment charging the defendant with grand larceny for having feloniously appropriated to his own use a designated sum of money, the property of a party bearing a corporate name, is not defective, and, therefore, is not demurrable, because it fails to state that such party is an association or corporation.

People v. Mead, 125 App. Div. 7, 22 N. Y. Crim. 225, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 4, 1908, which reversed a judgment of the Ontario County Court sustaining a demurrer to and dismissing an indictment and overruled such demurrer.

The facts, so far as material, are stated in the opinion.

*E. A. Griffith* for appellant. An indictment charging larceny from a corporation under section 528 of subdivision 2 of the Penal Code is fatally defective unless it avers its corporate existence. (Penal Code, § 528; *Cohen* v. *People,* 5 Park. Cr. 330; *McCarney* v. *People,* 83 N. Y. 408.)

*Myron D. Short, District Attorney,* for respondent. The organization and corporate existence of the true owner is not, in any case, a necessary allegation of an indictment for larceny,

See note Vol. 22–454.

nor is it an esssential element of the crime charged.    (Penal
Code, § 528; *People* v. *Stearns,* 23 Wend. 634.)

CULLEN, Ch. J.    The defendant was indicted for grand lar-
ceny, first degree, for having feloniously appropriated to his
own use the sum of $738.67, the property of " The People's
Mutual Life Insurance Association and League."    The indict-
ment was framed under the second subdivision of section 528
of the Penal Code, which makes embezzlement by the agent,
clerk or officer " of any person, association or corporation "
larceny.    The only attack made on the indictment is that it
fails to charge that the league was an association or corpo-
ration.    For this alleged defect the demurrer was sustained
by the County Court, but has been overruled by the Appellate
Division.

Under the old rule which prevailed long ago in England,
which required great particularity in the description of per-
sons, it was necessary to allege the incorporation of a corpora-
tion.    But that rule has not been generally accepted in this
country, though there is much contrariety between the decisions
of the various states.    In Illinois, Texas and Alabama it seems
the absence of an allegation that the owner mentioned in an
indictment for larceny is a corporation (when it is such) is
fatal to its validity.    On the other hand, in New Jersey and
Indiana the exact reverse is held.    (*Fisher* v. *State,* 40 N. J.
Law, 169; *Johnson* v. *State,* 65 Ind. 204.)    Such seems to be
the law now in California (*People* v. *Henry,* 77 Cal. 445),
practically overruling an earlier decision (*People* v. *Schwartz,*
32 Cal. 160).    If there is no conclusive authority in this state
on the question, at least the case of *Noakes* v. *People* (25 N. Y.
380) is very nearly such.    That was a prosecution for forging
an order for goods with intent to defraud the Meriden Cutlery
Company.    There was no allegation as to the nature of the
company, whether it was a corporation, partnership or other-

wise. Of this the court said: "In stating this intent to defraud, it is sufficient to describe the party intended to be defrauded, with reasonable certainty," and that the description in the indictment was sufficient. The only ground on which it can be contended that the case is not decisive of the question before us is that the court proceeded to say that even if there were no such company the indictment was sufficiently broad to reach the individual members under the description contained in the indictment " of divers other persons to the jury unknown." I cannot find that the authority of this case has ever been questioned. In *McCarney* v. *People* (83 N. Y. 408) the indictment charged theft of the property of a corporation, naming it, and alleging that it was incorporated under the laws of the State of New York. In fact, it was a national bank, incorporated under the laws of the United States. It was held that the variance was immaterial as the allegation was unnecessary, for the indictment might have stated the true corporate name of the owner and stopped there. I construe that as meaning it was unnecessary to charge that the owner was a corporation. It is true that the statement was obiter, for the point was not in the case; but this criticism is equally applicable to the decision in *Cohen* v. *People* (5 Parker's Cr. Rep. 330), on which appellant relies, where it was said that it is necessary to allege in the indictment and prove on the trial that the corporation was an existing corporation. The indictment did charge ownership and the existence of the corporation and, hence, there was no question as to its sufficiency presented in the case. On the other hand, in *People* v. *McCloskey* (5 Parker's Cr. Rep. 57) an indictment which charged burglary upon the property of the Gulf Brewery was held sufficient, though it does not seem that any objection was taken that the indictment did not charge that the Gulf Brewery was a corporation. If in this state of the authorities we are to consider the question an open one in this court, we are clear that the rule declared by

the Appellate Division is correct. It is a logical sequence of the decision recently made by this court in *People* v. *Gilbert* (199 N. Y. 10; 24 N. Y. Crim. 480). The appellant in that case, having been convicted of murder in the first degree, contended that the indictment was insufficient in not alleging that Viola Hughes, whom it was charged he had killed, was a human being. It was held that the name and surname raised a presumption that the person killed was ah uman being. Conversely, as was said by the Supreme Court of Indiana in *Johnson* v. *State* (*supra*), "when an ideality is referred to in a pleading by a name such as is usual in creating corporations, and which discloses no individuals, a corporate existence is implied without being specially averred."

The order of the Appellate Division should be affirmed.

GRAY, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Order affirmed.