## HUGHES *v.* STATE.

### Opinion delivered October 13, 1913.

1. DEFINITIONS — "UNION" — "LEAGUE" — "FEDERATION." — The words "union," "league," and "federation," imply, in their ordinary application an unincorporated union or association of persons for a common purpose.  (Page 404.)

2. INDICTMENT—SUFFICIENCY—PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS.—In indictments under Kirby's Digest, § 1839, for larceny or embezzlement it is not necessary to state the names of persons composing a partnership or other unincorporated associations. Kirby's Digest, § 2233.  (Page 405.)

3. LARCENY—INDICTMENT—CHARGE OF OWNERSHIP—SUFFICIENCY.—An indictment under Kirby's Digest, § 1839, for larceny, is sufficient which charges the ownership to be in a partnership.  (Page 405.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; affirmed.

*J. A. Comer*, for appellant.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

McCULLOCH, C. J.  Appellant was convicted of embezzlement under section 1839, Kirby's Digest, which reads as follows:

"If any carrier or other bailee shall embezzle, or convert to his own use, or make way with, or secrete with

intent to embezzle, or convert to his own use, any money, goods, rights in action, property, effects or valuable security, which shall have come to his possession, or have been delivered to him, or placed under his care or custody, such bailee, although he shall not break any trunk, package, box or other thing in which he received them, shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny.''

It is alleged in the indictment that appellant was the ''agent, bailee and treasurer of Local No. 313 (known as the Bartender's Union of Little Rock, Arkansas), of the Hotel and Restaurant Employees International Alliance of Bartender's League of America, the same being a labor organization and affiliated with the American Federation of Labor, and as such treasurer, agent and bailee, having received from said Local No. 313, as aforesaid, the sum of $1,265 * * * unlawfully and feloniously did convert and embezzle to his own use the said above-described money.''

There was a demurrer to the indictment, which the court overruled, and it is insisted that the indictment is defective in failing to state whether the organization mentioned was a partnership, or a corporation, and, if the former, to set forth the names of the individuals composing it.

The language of the indictment indicates with sufficient certainty that the organization is a voluntary, unincorporated association, and such the proof shows it to be. The words, ''Union,'' ''League,'' and ''Federation,'' in their ordinary acceptation imply an unincorporated union or association of persons for a common purpose.

We hold that it is not necessary in indictments for larceny or embezzlement to state the names of persons composing a partnership or other unincorporated association. That was the effect of the decision of this court in *Andrews* v. *State,* 100 Ark. 184, where we said:

''If the statute has any application at all to larceny and kindred cases, and if any effect at all is to be given to

it in such cases, we must hold that it applies, and that, there being a sufficient identification of the property in stating the partnership name, the statute applies and renders the erroneous allegation as to one of the persons injured, immaterial. It is true that ordinarily in cases of this kind the rules of criminal pleadings require that the names of partners be given, but, so far as identification of the property is concerned, it is described by naming the partnership and, by operation of the statute, an error as to the individual names of the partners is immaterial."

The statute referred to provides that "where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." Kirby's Digest, § 2233.

If an erroneous allegation as to the names of the persons composing a partnership is immaterial, it necessarily follows that the naming of the persons is immaterial, and we think that under a fair construction of this statute the indictment is sufficient if it charges the ownership to be in a partnership. It is unnecessary to name the individuals, for that is, of itself, a sufficient identification, and is all that the statute requires. That conclusion is reached in the case of *Ivy* v. *State,* 109 Ark. 446.

This view is in conflict with the language in the opinion in the case of *McCowan* v. *State,* 58 Ark. 17, where it was held that it is necessary, in an indictment for larceny of property of a partnership, to set out the names of the individuals composing the partnership. The language, holding to that effect, seems to be *dictum,* for it appears that the indictment did not allege that the owners were partners, and it also failed to give the names of the persons. We think it is sufficient where the name of the partnership or association is set forth in such words as amounts to an allegation that it is a voluntary association or partnership unincorporated. That is sufficient identi-

fication, and the individual names need not be set forth. The case of *McCowan* v. *State, supra,* is to that extent overruled.

The following cases cited in the McCowan case bear out the rule we here announce, and are, we think, correct: *People* v. *Ah Sing,* 19 Cal. 598; *Reed* v. *Commonwealth,* 7 Bush (Ky.) 641.

There is little else for discussion in the case. The testimony shows beyond dispute that the defendant was treasurer of the organization named, that he received $1,-265 in money into his hands as such treasurer, and wrongfully converted it to his own use. The testimony shows that he admitted to several members that he had received the money and appropriated it, and promised to make it good. His books, introduced in evidence, also show that he had received the money, and he made no attempt to account for it except in his admissions to some of the members that he had used it.

The point is made that the court erred in admitting testimony as to the rules of the organization without proper identification.

It is difficult for us to see what bearing the rules have upon this controversy, for the proof is that he admitted receiving the money and using it. The effort is to bring the case within the rule announced by this court in *Supreme Lodge K. of P.* v. *Robbins,* 70 Ark. 364, where it was held that a law governing a society of this kind is not sufficiently proved by a witness stating its terms, and offering a pamphlet which he says is an official publication of the same, unless the witness shows that he has compared it with the record of the original, and knows it to be a true copy.

The testimony shows that the by-laws came through the hands of the appellant himself, and were given out by him as the rules under which he and other members of the association were working, so, if proof of the rules was essential to establishing the material facts of this case, that would be sufficient.

There are other assignments of error which we have

considered and found to be without merit or worth·discussion in this opinion. Judgment affirmed.