[Crim. No. 1855. Second Appellate District, Division One.—September 27, 1929.]

THE PEOPLE, Respondent, v. CHARLES CLOUD, Appellant.

John S. Cooper and Grant B. Cooper for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment of conviction of the crime of grand theft, with two prior convictions of felony, and from an order denying his motion for a new trial,

defendant has appealed to this court. The action was tried before the court sitting without a jury.

From the evidence introduced on the trial, it appears that an oriental rug which had been rented by, and which was in the possession of, William Fox Film Corporation, was stolen.

■ The first point presented by appellant is that the evidence was insufficient to support the judgment in that the prosecution failed to prove that the rug was taken from William Fox Film Corporation without its permission. In that regard each of two witnesses, one known as a "set dresser," and the other as "assistant set dresser," who were in charge and possession of the rug, testified that no permission was given by him to defendant to take the rug.

In the case of *People* v. *Hutchings*, 8 Cal. App. 550, 555 [97 Pac. 325, 327], where a similar question was incidentally involved, the court said: "The father of the owner of the steer being in control of the cattle at the time of the larceny, owing to the illness of his son, it was proper that he should be permitted to testify that he had not given permission to anyone to take the steer. If it had been taken with his consent there would have been no crime committed."

See, also, *State* v. *Adams*, 115 N. C. 775 [20 S. E. 722]; *Hudspeth* v. *Commonwealth*, 195 Ky. 4 [241 S. W. 71].

It is confidently asserted by appellant that in a prosecution for the commission of the crime of theft it is essential that the prosecution prove that the taking was without the consent of the owner of the property. But manifestly such rule must yield to the necessities of the case. It should be remembered that William Fox Film Corporation was a corporation and for the purposes of this action is to be considered as the owner of the rug which was stolen. It is, of course, apparent that a corporation can never act personally. Necessarily each and every of its acts must be performed by or through its agents. It would seem but reasonable that where from the evidence introduced on the trial it is made to appear that the management, control and possession of the property in question has been entrusted by the owner to his agent and that such agent has not given his consent to the defendant that he take the property, a sufficient compliance with the requirements of the law is established.

■■■. It is also urged by appellant that a material variance existed between the allegation contained in the information under which defendant was charged with the commission of the offense and the evidence which was offered on the trial of the action. By the information defendant was charged with stealing the rug in question, "of the property of one William Fox." As hereinbefore indicated, the evidence disclosed the fact that the rug was rented, not by William Fox, but by William Fox Film Corporation, which corporation had possession of the rug at the time it was stolen.

Section 956 of the Penal Code (Stats. 1927, p. 1042, sec. 2), which deals with a situation such as is here presented is as follows: "When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, or of the place where the offense was committed, or of the property involved in its commission, is not material."

Although some pertinent authorities, including that of *People* v. *Hughes,* 41 Cal. 234, support the position assumed by the appellant in the matter, the undoubted weight of authority is to the effect that where the identification of the transaction which resulted in the commission of the offense is established to the extent that in the event of a second prosecution of the defendant for the same offense he may readily protect himself by proper plea, the allegation in the first action as to ownership of the stolen property is immaterial.

In the case of *People* v. *Leong Quong,* 60 Cal. 107, the defendant was charged with the crime of stealing a horse and wagon, the alleged property of one Sang Hop. On the trial of the action the owner of the stolen property testified that Sang Hop was his business name, but that his real name was Yup Chin. In ruling upon the question of variance between the allegation in the information and the evidence produced at the trial, the Supreme Court said in part: " . . . The name of the owner of property stolen is not a material part of the offense charged. It is only required to identify the transaction, so that the defendant, by proper plea, may protect himself against another prosecution for the same offense. . . . "

In the case of *People* v. *Nunley,* 142 Cal. 105 [75 Pac. 676], by the information the defendant was charged with the larceny of a horse alleged to have been the property of one J. Suey Lung. The evidence showed that the horse was the property of a Chinese company of which J. Suey Lung was the manager. The Supreme Court took occasion to review the authorities touching the question involved and reached the conclusion that the variance was immaterial. To the same effect is the case of *People* v. *Sing,* 42 Cal. App. 385 [183 Pac. 865], where it appeared that the difference between the information and the evidence was that by the former it was alleged that the stolen property was that of a certain individual; whereas by the evidence it was shown that the property belonged to a partnership of which the named individual was a member. See, also, *People* v. *Melson,* 84 Cal. App. 10 [257 Pac. 555], where the authorities are carefully reviewed.

From the evidence in the instant case it is apparent that defendant was in nowise misled by the allegation contained in the information of which he here complains. So far as the stolen property was concerned, its identity was clearly established by evidence introduced by the prosecution, as well as being freely admitted by defendant himself. The entire transaction was so surrounded and hedged by various facts and circumstances that under no condition would it be possible to confuse it with any other. It is clear that should defendant be hereafter prosecuted in another action for the same offense, he may protect himself by proper plea.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.