JACK EVERSHAW, Petitioner, v. THOMAS F. MORAN, as District Judge of the Second Judicial District of the State of Nevada, Respondent.

No. 3191

March 5, 1937.                                    65 P. (2d) 877.

*William S. Boyle* and *Harry Standerwick,* for Petitioner:

*Ernest S. Brown,* District Attorney, and *Nash P. Morgan,* Assistant District Attorney, for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

This is a proceeding in prohibition. The facts are these:

On December 11, 1936, C. L. Put*man* swore to a complaint before the justice of the peace of Reno township, charging the petitioner with assault and battery upon B. Put*nam*. Thereafter a warrant of arrest was issued by said justice, directing the arrest of petitioner. In due time the petitioner was tried before a jury, which brought in a verdict of guilty. Thereafter the petitioner was sentenced, and subsequently took an appeal to the district court. Upon the trial in the district court before the respondent judge, a jury brought in a verdict of guilty. Before the time set for the passing of sentence, no motion for a new trial nor motion in arrest of judgment having been made, petitioner instituted these proceedings.

Upon the trial of the case in the district court, the prosecuting witness testified that his name was Clarence L. Putman, and that his nickname is "Briz." Putman. Petitioner contends that B. Putnam, whom he is charged with having assaulted, is a nonentity, hence the complaint does not state facts sufficient to charge an offense; that the warrant of arrest is likewise deficient; and that neither court acquired jurisdiction in the case. There is no averment that petitioner was misled by the error charged.

The return shows that the point now raised was not made in the justice's court nor in the district court before pleading to the complaint, nor until after the testimony on the part of the state had been given and the state had rested its case; that petitioner testified in the justice's court that he struck Briz Putman at the time and place alleged in the complaint; and that petitioner was in no way misled by the statement made in the complaint.

■ It is also contended that the petition does not state facts sufficient to entitle petitioner to the extraordinary writ sought.

Section 10854 N. C. L. reads: "When an offense involves the commission of, or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed to be material."

Whatever else may be said as to the merits of this matter, it is quite clear, in view of the statute just quoted, that this proceeding must be dismissed. It is the evident purpose of this statute to obviate mistrials where the defendant is in no way misled by such a mistake as appears in this case. That the defendant was not misled appears from his own testimony and from the fact that he makes no contention that he was. He is here relying upon a bare technicality, which the statute above quoted sought to and does overcome.

In the case of State v. Ewing, 67 Wash. 395, 121 P. 834, where there was such a statute as ours, the court held that such an error in a complaint was not fatal when the defendant was not misled.

■■ It is well settled in this state that the writ of prohibition will issue only in urgent cases, and not at all if the respondent court has jurisdiction or if the applicant has an adequate remedy at law. Bell v. District Court, 28 Nev. 280, 81 P. 875, 1 L. R. A. (N. S.) 843, 113 Am. St. Rep. 854, 6 Ann. Cas. 982.

In the instant matter the petitioner has not exhausted his remedy by motion for a new trial nor by motion in arrest of judgment. If neither of these motions are successful, he would have recourse to other remedies, if the respondent court acquired no jurisdiction, as he contends.

It is ordered that the writ be denied and that these proceedings be dismissed.