ROBERT CHARLES WOOD, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 4269

June 16, 1960                                    353 P.2d 270

*Robert Santa Cruz,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General, *George Foley,* District Attorney, Clark County, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Defendant was charged by information with the crime of embezzlement in that he "being a member of the Las Vegas Junior Chamber of Commerce, and having been entrusted with the sum of $355 lawful money of the United States, said money being the property of the said Las Vegas Junior Chamber of Commerce, wilfully,

unlawfully and feloniously [did] appropriate and use the said monies for purposes other than that for which the same was entrusted, with the intent to steal the same and defraud the owner thereof."

After a trial by jury, defendant was found guilty and this is an appeal from the judgment based on jury verdict.

Several errors have been assigned, but by deciding whether the information sufficiently charges an offense and the proof sustains the charge, all of the matters contained in the assigned errors will have been disposed of.

Defendant contends that the failure of the information to designate the nature of the Las Vegas Junior Chamber of Commerce as a corporation or other entity capable of owning property renders it fatally defective, and therefore the allegations in the information were insufficient to give the trial court jurisdiction.

Many authorities sustaining such contention can be found in the annotation appearing in 88 A.L.R. 485. These authorities are not controlling in Nevada because of statute.

NRS 173.280 provides: *"Erroneous statement as to person injured: Effect.* When an offense involves the commission of or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed to be material."

Under a statute containing identical provisions, it was held in People v. Cloud, 100 Cal.App. 792, 281, P. 79, 80, that an information which charged the defendant with stealing a rug, the property of William Fox, was sufficient, though the evidence disclosed the fact that the rug was rented, not by William Fox, but by William Fox Film Corporation, which corporation had possession of the rug at the time it was stolen. The court in that case said: "[T]he undoubted weight of authority is to the effect that, where the identification of the transaction

which resulted in the commission of the offense is established to the extent that in the event of a second prosecution of the defendant for the same offense he may readily protect himself by proper plea, the allegation in the first action as to ownership of the stolen property is immaterial." And in People v. Leong Quong, 60 Cal. 107, the California Supreme Court said: "The name of the owner of the property stolen is not a material part of the offense charged."

It should be noted also that the rule relied on by appellant, though favored in early decisions of some 10 or 11 states, has not met with general acceptance. In People v. Mead, 200 N.Y. 15, 92 N.E. 1051, 140 Am.St.Rep. 616, in which the defendant was indicted for grand larceny for having appropriated to his own use a sum of money "the property of 'The People's Mutual Life Insurance Association and League'" and in which the statute defined embezzlement from "any person, association or corporation," the court of appeals of New York said: "Under the old rule which prevailed long ago in England, which required great particularity in the description of persons, it was necessary to allege the incorporation of a corporation. But that rule has not been generally accepted in this country, though there is much contrariety between the decisions of the various states." It concluded that the failure to charge that the League was an association or corporation was not vital.

In McCowan v. State, 58 Ark. 17, 22 S.W. 955, although the court held the indictment to be insufficient as laying the ownership of the embezzled property simply in "W. L. Connevey & Co.,"[1] the court quoted Wharton Crim. Pl. sec. 166b as finding the reason for the rule enabling the defendant successfully to plead his acquittal or conviction should he be again indicted for the same offense, being the same reason stated in People v. Cloud, supra.

---

[1] The Arkansas court in reaching this conclusion relied upon earlier California cases which did not have the approval of People v. Cloud and other later California cases. Furthermore the same court reversed itself in this respect in Hughes v. State, 109 Ark. 403, 160 S.W. 209.

In the case of Evershaw v. Moran, 57 Nev. 417, 65 P.2d 877, 878, this court had occasion to consider NCL 10854 (now NRS 173.280) and said: "It is the evident purpose of this statute to obviate mistrials where the defendant is in no way misled by such a mistake as appears in this case. That the defendant was not misled appears from his own testimony and from the fact that he makes no contention that he was. He is here relying upon a bare technicality, which the statute above quoted sought to and does overcome."

Defendant did not at his arraignment either before or after he entered his not guilty plea nor did he at any time during the presentation of the evidence at the trial raise any objection to the form or sufficiency of the information. Objection to the information as being defective was not raised until after all the evidence was in. That defendant was not misled by any defects in the information appears from this conduct of the defendant. The information, it must be admitted, is far from being a model, but by failing to demur to the information defendant waived all defects therein except as to the sufficiency of the information to state a public offense. NRS 174.310; State v. Derst, 10 Nev. 443; State v. O'Flaherty, 7 Nev. 153; see also NRS 175.560. For the reasons hereinbefore stated, the failure to allege the identity of the Las Vegas Junior Chamber of Commerce as a legal entity is immaterial and does not go to the sufficiency of the information.

If it may be said that NRS 173.280, People v. Cloud, supra, People v. Leong Quong, supra, and Evershaw v. Moran, supra, modified and relaxed the common-law rule only with respect to the identity of the person from whom the embezzlement is charged, it appears to us to be a logical sequence or a natural extension of those authorities to hold that the old rule is likewise modified and relaxed with reference to the necessity for allegation and proof of the corporate or other entity of the person from whom the money or property was embezzled. In the instant case the "identification of the transaction," People v. Cloud, supra, is such, both in the

information and the proof, that in the event of a second prosecution for the same offense he could readily protect himself by proper plea.

During the trial the state offered evidence to prove that defendant became a member of the Las Vegas Junior Chamber of Commerce March 25, 1959. On April 8, 1959 he was appointed Helldorado Float Chairman by the President of the Junior Chamber and on April 16, 1959, he received a check from the Junior Chamber in the sum of $450 to pay the expenses anticipated in preparing a float for the Helldorado Parade. On April 23, 1959 while he was in the county jail charged with an offense unconnected with the present case, he was told that the Junior Chamber wanted its money back. On April 30, 1959 defendant refunded $95 to the Junior Chamber,[2] and at that time stated he no longer had money sufficient to make restitution in full, that the money was gone, and that it was not used for the purpose for which it was entrusted. No work whatsoever was ever done on the float for this $450.

This evidence was sufficient to prove all of the material allegations contained in the information. State v. Trolson, 21 Nev. 419, 32 P. 930. The bank check of the Las Vegas Junior Chamber of Commerce, signed by its treasurer and president, sufficiently evidenced the fact that the Las Vegas Junior Chamber of Commerce was capable of owning property in view of defendant's admissions that he received money or credits therefor.

Judgment affirmed.

---

[2]The refund was in the form of his personal bank check for this amount. The balance in defendant's bank account was insufficient to cover this check until the President of the Junior Chamber made a deposit of $16.66 to defendant's account.