SUPREME LODGE KNIGHTS OF PYTHIAS v. ROBBINS.

Opinion delivered March 22, 1902.

1. BILL OF EXCEPTIONS—BRINGING UP EXCLUDED DOCUMENT.—Where error is alleged on the part of the trial court in excluding documentary evidence, the document itself should be incorporated in the bill of exceptions; it not being sufficient to show by parol what appeared in the document.    (Page 368.)

2. BENEVOLENT SOCIETY—PROOF OF LAW.—A law of the Supreme Lodge of Knights of Pythias, governing the endowment rank, is not sufficiently proved by a witness stating its terms, and offering a pamphlet which he says is an official publication of the constitution and general laws of the endowment rank, though the witness testifies that he is the custodian of the books of such endowment rank.    (Page 369.)

3. TRIAL—CONTINUANCE.—It is within the trial court's discretion to refuse a continuance on the rejection of evidence offered to establish the defense.    (Page 370.)

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

Affirmed.

STATEMENT BY THE COURT.

On the 25th day of November, 1885, the Supreme Lodge Knights of Pythias issued to Hiram Robbins a certificate of membership in the endowment rank of the order of Knights of Pythias, in which certificate there is the following stipulation: "In consideration of the payment to the endowment rank of the prescribed fee and of all monthly payments as required, and the full compliance with all the laws governing this rank now in force or that may hereafter be enacted, and that he shall be in good standing under such, the sum of $2,000 will be paid by the Supreme Lodge Knights of Pythias of the World to Mrs. Elizabeth Robbins, wife, as directed by said brother in his application. * * * And it is understood and agreed that any violation of the within-mentioned conditions or the requirements of the laws in force governing this rank shall render this certificate and all claims null

and void, and that said supreme lodge shall not be liable for the above sum, or any part thereof. In witness whereof we have hereunto subscribed our names and affixed the seal of the Supreme Lodge Knights of Pythias of the World. John Van Valkenberg, Supreme Chancellor. Attest: R. E. Cowan, Supreme Keeper of Records and Seal."

Robbins remained a member of the endowment rank until his death, in 1898. Afterwards his wife, Elizabeth Robbins, brought this action against the Supreme Lodge Knights of Pythias to recover the $2,000 claimed to be due upon the certificate or policy of insurance above referred to. The defendant appeared, and alleged that sometime before the death of Robbins a law was enacted by the Supreme Lodge Knights of Pythias which provided, among other matters, that "if the death of any member of the endowment rank shall be caused or superinduced by the use of intoxicating liquors, narcotics, or opiates, then the amount to be paid upon such member's certificate shall be the sum only in proportion to the whole amount as the matured life expectancy is to the entire expectancy at date of admission to the endowment rank," etc. And further alleged that the death of Hiram Robbins was caused, superinduced and brought directly about by the use of intoxicating liquors and the use of chloral and other narcotics and opiates; by reason of which fact defendant alleged the amount due upon the policy was only $1,020, which sum it had tendered to plaintiff, and she had refused to accept the same, whereupon it asked judgment.

On the trial the defendant offered the deposition of Henry B. Stolte as evidence. He states in his deposition that he was a member of the endowment rank Knights of Pythias, and that he was secretary of the board of control of that rank. After explaining that the endowment rank was the insurance branch of the order of Knights of Pythias, and that it was created by the supreme lodge, and governed by a board of control elected by the supreme lodge, under laws passed by the supreme lodge, he was asked the following question: "If a member of the endowment rank Knights of Pythias die from the use of intoxicating liquors, chloral or other narcotics or opiates, what is the law of the Supreme Lodge of Knights of Pythias Endowment Rank in reference to the amount to be paid to the beneficiary under the certificate so issued to such member? Set out the law in full, and give the page

of the constitution and laws of the order where it is found." Answer. "In case of death from causes stated, the law of the endowment rank Knights of Pythias in reference to the amount to be paid to the beneficiary of the member dying from such causes is as follows: If the death of any member of the endowment rank heretofore admitted into the first, second, third, or fourth classes, or hereafter admitted, shall result from suicide, either voluntary or involuntary, whether such member shall be sane or insane at the time, or if such death shall be caused or superinduced by the use of intoxicating liquors, narcotics or opiates, or in consequence of a duel, or at the hands of justice, or in violation or attempted violation of any criminal law, then the amount to be paid upon such member's certificate shall be a sum only in proportion to the whole amount as the natural life expectancy is to the entire expectancy at date of admission to the endowment rank; the expectation of life based upon the American Experience Table of Mortality in force at the time of such death to govern. This law is section 1 of article 6 of the general laws, rules and regulations of the endowment rank, and will be found on page 41 of the printed pamphlet attached to my deposition, marked 'Exhibit A.'" He further testified that the law was regularly enacted by the Supreme Lodge Knights of Pythias in 1896, and was in force on the 21st day of June, 1897, and prior to that time. He also made the following statement: "The pamphlet attached to my deposition is an official publication of the constitution and general laws of the endowment rank in force from September, 1892, to the present time, with amendments as set forth in the official promulgation at the beginning of the pamphlet." The pamphlet to which witness refers has attached to it a printed certificate that it contains a true copy of the constitution, general laws, rules, and regulations of the endowment rank. The certificate closes as follows: "The board of control hereby promulgates the amended constitution and general laws, rules and regulations as aforesaid. J. A. Hinsey, President; W. W. Blackwell, W. H. Loomis, Board of Control. Thomas S. Sample, Supreme Chancellor, Ogden H. Fethers, Supreme Vice Chancellor, Ex-Officio Members of Board of Control. Attest: H. B. Stolte, Secretary Board of Control." The names as well as certificate are printed. The defendant also introduced Fred Rossner as a witness, but his evidence and other facts are sufficiently stated in the opinion.

The court, on motion, excluded the testimony of both these witnesses as to the laws, rules and records of the defendant company set out before. The defendant thereupon moved for a continuance on the ground of surprise, but the court overruled the motion, and, neither party offering further evidence, the court directed a verdict for plaintiff for $2,000, with 6 per cent. interest from the commencement of the action, and gave judgment accordingly. The defendant appealed.

*DeE. Bradshaw* and *T. E. Helm,* for appellant.

It was error to refuse to allow the officials of the order to testify as to the by-law of the lodge. 12 Ark. 672; 50 N. Y. 480; 44 Atl. 495; 46 N. E. 61; 9 Am. & Eng. Enc. Law, 890; 38 Atl. 347; 71 Conn. 719; 24 Conn. 591; 11 Wend. 605; 26 La. 738; 19 Ill. 510; 18 Ga. 318; 7 Houst. 471. The court erred in overruling defendant's motion for a continuance, based on the ground of surprise. 2 J. J. Marsh. 26; 64 Tex. 385; 2 Ark. 45; 26 Ark. 496; 9 B. Mon. 5; 55 Ark. 567; 57 Ark. 60; 66 Ark. 12; 67 Ark. 47; 54 N. Y. 397; 2 Graham & Waterman, New Trial, 675; 2 J. J. Marsh. 515; 41 Cal. 461; 4 B. Mon. 4-5; 29 Cal. 605; 67 N. Y. 120; 50 Tex. 371; 26 Ark. 502; 41 Ark. 229.

*Dodge & Johnson,* and *Carroll & Pemberton,* for appellee.

There was no error in the exclusion of the evidence of the witnesses as to the by-law. The best evidence thereof was required. 1 Greenl. Ev. §§ 82, 83, 86; 20 Wall. 246; 9 Wheat. 277; 10 Bing. 395; 2 Esp. 549; 79 Ala. 246; 12 Fed. 924; 15 Vroom, 451; 53 Ind. 82; 16 Gray, 530. The records of the corporation are *prima facie* evidence of its proceedings, and should be produced as the best evidence thereof, and so long as they exist parol evidence thereof is not admissible. 53 Ind. 82; 16 Gray, 530; 10 Johns. 154; 5 Wheat. 420; Tayl. Corp. §§ 263, 391; 12 Wheat. 74; 74 Ind. 319; 13 N. H. 535; 6 Wend. 656; 99 N. Y. 602; 1 Wood & N. 106; 42 Cal. 465; 84 La. 219; 13 Ill. 516; 38 La. 871; 66 Me. 100; 6 Cush. 279; 1 Doug. 282; 14 Minn. 43; 1 How. 479; 36 N. H. 45; 22 N. J. L. 424; 126 N. Y. 113; 2 Mill, 213; 4 Rand. 578; 17 Me. 440; 25 Me. 354; 76 Ga. 461; 7 Ark. 118; 11 Ark. 349; 26 Ark. 164; 35 Ark. 75; 12 Ark. 672; 50 N. Y. 48; 44 Atl. 495; 81 Hun., 490; 29 S. C. 560; 21 Ore. 25; 14 Hun., 256; 5 Pac. 702; 17 Ind. 516; 10 Johns. 154.

RIDDICK, J., (after stating the facts.)   This is an action on an insurance policy issued by the Supreme Lodge Knights of Pythias, a fraternal association.   The policy contained the condition that the assured should comply with all the laws governing the endowment rank of Knights of Pythias now in force or that may hereafter be enacted.   The defendant set up as a defense, and undertook to show, that subsequent to the issuance of this policy the Supreme Lodge Knights of Pythias passed a law providing that if the death of any member of the endowment rank shall be caused or superin-duced by the use of intoxicating liquors, narcotics, or opiates, etc., then only a certain proportional amount of the policy should be paid, and further that the death of Robbins was caused by the use of intoxicating liquors and narcotics.   To prove this law the de-fendant introduced two witnesses, Stolte and Rossner.   Of Ross-ner's evidence it is sufficient to say that the defendant undertook to identify and prove by him a certain pamphlet or book offered in evidence as the printed copy of the records of the proceedings of the Supreme Lodge Knigths of Pythias for the years 1896 and 1898. Rossner stated on cross-examination that he had not compared the copies offered with the original records, and did not know of his own knowledge whether such laws had been passed, or whether the pamphlet offered was a correct copy of same or not.   He said, though, that it was "an official publication of the Supreme Lodge Knights of Pythias, and had attached to it the printed signature of the Supreme Keeper of Records and Seal."   The plaintiff there-upon objected to the introduction of the printed copy, and the court sustained the objection, and excluded the evidence.

We are asked to review this ruling of the circuit court, but a fatal obstacle in the way is the failure of the defendant to set out the rejected pamphlet in the bill of exceptions.   It is a well estab-lished rule that "when the exception alleges error on the part of the trial court in the rejection of evidence, such excluded evidence must be incorporated in the bill of exceptions."   3 Enc. Pl. & Pr. 427, and cases cited.   Now, in this instance the rejected evidence was not set out in the bill of exceptions.   Instead of that, we have in the bill of exceptions questions and answers of the witness Rossner as to what he found in the printed document offered as evidence.   But the copy, and not the testimony of the witness, is evidence of its contents; and as the document is not attached to or set out in the bill of exceptions, we are not able to get a clear

idea as to what this document was, or purported to be, and are not able to say that the court erred in excluding it. But, even if the pamphlet had been included in the bill of exceptions, we would probably still have to hold that it was not shown to be a true copy by one having knowledge of the fact. The contention of appellant on that point must therefore be overruled.

The defendant also endeavored to establish the law in question by the deposition of Henry B. Stolte. This witness stated that he was secretary of the board of control of the endowment rank of Knights of Pythias. "I have," he said, "general charge of the business of the office, under the direction of the president of the board. I attend all meetings of the Supreme Lodge Knights of Pythias and of the board of control of the endowment rank. I keep the minutes of the meetings of the board, and have the charge and custody of the books, papers and records of the board of control and of the endowment rank." He was then asked to state "what is the law of the Supreme Lodge Knights of Pythias endowment rank," if "a member of the endowment rank die from the use of intoxicating liquors, chloral or other narcotics," and proceeded to answer by stating in substance that in that event only a proportional part of the policy could be recovered. It appears from the evidence, we think, that these laws of the order were matters of record on the books of the order. It follows that they could not be proved by parol. As it would have been inconvenient to produce the original books, they should have been proved by an examined or authenticated copy. It was therefore not proper to have witness state his opinion of what the law was. He should have produced a copy of the law or record. It is true that he says that the law of which he testifies is section 1 of article 6 of the general laws, and that it will be found on page 41 of the printed pamphlet attached to his deposition. But he does not show that this pamphlet is a true copy of the record which defendant was endeavoring to establish, or that he had ever seen the original record. He said also that this pamphlet was an official publication of the constitution and laws of the endowment rank. But this is only the statement of an opinion. He does not state by whom it was published.— whether by the supreme lodge or by some subordinate lodge. In fact, this pamphlet purports to have been published, not by the Supreme Lodge Knights of Pythias, but by the board of control of the endowment rank, which is a subordinate branch of the order.

The name of the supreme keeper of records is not attached to it, and there is nothing to show that the parties whose names are printed below the printed certificates attached to the pamphlet had charge of or had examined the original records, or that they had authority to make this publication.

The mere statement that it is official is, as before stated, only an opinion of the witness, and is not, we think, competent evidence to show that it is a correct copy of the law. This pamphlet is not such a publication as proved itself. Its correctness must be established by evidence, and, instead of so much circumlocution, the witness should have stated that he had compared it with the record of these laws, and that it was a true copy of the same. If he had stated that he was the keeper of these records, and knew their contents, this, in connection with his other testimony, might have been sufficient; or, if he stated that this pamphlet had been published by the authority and under the sanction of the supreme lodge of the order for the guidance of the subordinate branches of the order and the members thereof, even this might have been sufficient to raise a *prima facie* presumption that it was a correct copy, as against a member of the order or a beneficiary of its policy. But he does not do this. On the contrary, he endeavors to show the terms of the law, and that it had been legally enacted, by parol, and then refers to a printed pamphlet, which he says is an official publication of the constitution and general laws of the endowment rank. All these questions and answers were objected to by the plaintiff, and the court sustained the objections and excluded the evidence. The defendant comes very near making the necessary proof, but it does not quite do so. It seems to be a case where the litigant has proved all around a necessary fact, but has not proved the fact itself. Not wishing to be needlessly technical, we have felt some doubt about this question, but a majority of us are of the opinion that the ruling of the circuit court was correct, and should be sustained.

After this evidence was excluded, the defendant moved for a continuance, which the court refused. The matter of granting a continuance under such circumstances being largely a matter of discretion, we are not able to say from the facts presented that the court erred. On the whole case the judgment of the circuit court must be affirmed.

Bunn, C. J., and Battle, J., think the evidence of Stolte was sufficient to go to the jury, and that it should not have been excluded, and they therefore dissent.