MILLER *v.* JOHNSTON.

Opinion deelivered January 10, 1903.

1. EVIDENCE—PROOF OF DOCUMENT.—The statement of a witness that he attached a copy of the written rules of the New York Cotton Exchange to his deposition is insufficient to prove that the document so attached was a true copy of such rules. (Page 175.)

2. SAME.—A printed certificate of one P., on the fly leaf of a volume purporting to contain the rules of the New York Cotton Exchange, that "this is a true copy of the charter and by-laws of the New York Cotton Exchange," is insufficient to prove such copy to be a true one. (Page 177.)

3. JUDICIAL NOTICE—PRIVATE LAWS OF ANOTHER STATE.—The act of April 11, 1901, providing that the courts of this state shall take juuicial knowledge of the laws of other states, does not apply to the private statutes of the states. (Page 177.)

4. EVIDENCE—PRIVATE STATUTES OF ANOTHER STATE.—A document purporting to be a copy of a private statute of another state, not properly certified to be a copy of such statute, nor proved by the printed acts purporting to have been·published by authority of such state, is inadmissible. (Page 177.)

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Reversed and remanded.

*Peirce & Southmayd* for appellant.

Questions not raised on former appeal and commented upon are not binding on the trial court. 2 Enc. Pl. & Pr. 371; 52 Ark. 474. The by-laws of New York Stock Exchange were improperly admitted. 2 Cook, Corp. § 714; 2 Rice, Ev. 899; Taylor, Corp. § 263; Field, Corp. § 391; 12 Wheat. 74; 74 Ind. 319; 13 N. H. 535; 6 Wend. 656; 42 Cal. 465; 13 Ill. 516; 38 La. 871; 66 Me. 100; 6 Cush. 279; 1 Doug. 282; 14 Minn. 43; 1 How. (Miss.) 479; 27 N. J. Law, 424; 36 N. H. 45; 2 Mill (S. C.) 213; 4 Rand. (Va.) 578; 76 Tex. 461; 51 Ga. 120; 7 Ark. 118; 26 Ark. 164; 35 Ark.

75; 5 Pac. 702. Judgment should have been for the appellant. Mech. Ag. 364; Story, Ag. §§ 203, 332; 38 N. J. Eq. 229; 3 S. W. 152; 110 U. S. 499. The transaction was contrary to law. 47 Ark. 194; 110 U. S. 511. And the appellee is a *particeps criminis.* 110 U. S. 499; 155 Ill. 617; 56 Ark. 300; 15 Fed. 774.

*Oscar L. Miles,* for appellee.

The appeal is for delay. 5 Ark. 118; 10 Ark. 9; 58 Ark. 125. A judgment, right upon the whole case, will not be reversed. 4 Ark. 525; 14 Ark. 114; 10 Ark. 53; 44 Ark. 556; 19 Ark. 677; 43 Ark. 296; 46 Ark. 542. The questions raised have been adjudicated. 67 Ark. 177; 9 Ark. 530; 44 Ark. 383; 55 Ark. 609; 56 Ark. 170; 60 Ark. 50. The appellant was not prejudiced by the admission of evidence. 149 U. S. 483.

WOOD, J. This is the second appeal in this case. The opinion of this court on the first appeal is found in 67 Ark. 172, where the issues are fully stated.

Appellee, it appears, was a member of the New York Cotton Exchange, and as such bought and sold cotton for appellant, and brought this suit to recover of appellant for services and money expended in buying and selling cotton for him under the charter and rules of the New York Cotton Exchange. Appellant defends mainly upon the ground that the transaction had with appellee was a dealing in futures and contrary to law. The cause was heard by the judge sitting as a jury.

To maintain the issues on his part, appellee introduced his own deposition, in which occurs the following: "Int. 4. In buying and selling cotton what rules, if any, govern your transactions? Ans. The rules of the New York Cotton Exchange govern all my transactions. Int. 5. If you state that your transactions are governed by the rules of the New York Cotton Exchange, please attach to your deposition a copy of those rules as an exhibit. Ans. Have attached to this deposition a copy of the by-laws and rules of the New York Cotton Exchange." Then follows a number of interrogatories and answers thereto showing the nature of the transaction.

To the introduction of each of the interrogatories numbered 4, 5, etc., and the answers thereto, the appellant, at the time same were offered to be read in evidence, objected, on the ground that

they were based upon the rules of the New York Cotton Exchange, which rules were incompetent and irrelevant, and for the further reason that said rules had not been properly proved. Exceptions were saved to the overruling of the objection, and this is made one ground of the motion for a new trial.

The court should have excluded the purported copy of the rules of the New York Cotton Exchange, and all the questions and answers based upon said rules. The rules being in writing, and it being doubtless inconvenient or impossible to produce the original, it was proper to prove same by an examined or authenticated copy. But nothing short of such copy was competent. The statement of the witness that "he attached a copy of such rules to his deposition" fell far short of showing that the document or book so attached was a copy of such rules. The statement was but the opinion or conclusion of the witness, without a statement of the facts upon which such opinion was based. The law in such cases requires a statement of facts from which the court or jury may see that the document is a copy. *Supreme Lodge K. of P.* v. *Robbins,* 70 Ark. 364.

There is nothing here to show that the document or book purporting to be a copy was taken from the original in the hands of the proper custodian. The witness does not show that he had compared the paper purporting to be a copy with the original. There is nothing to show an examined copy. Mr. Greenleaf says: "The proof of records by an examined copy is by producing a witness who has compared the copy with the original, or with what the officer of the court or any other person read as the contents of the record. * * * It should appear that the record from which the copy was taken was found in the proper place of deposit, or in the hands of the officer in whose custody the records of the court are kept. And this cannot be shown by any light reflected from the record itself, which may have been improperly placed where it was found. 1 Gr. Ev. § 508.

It is true that Mr. Greenleaf here refers to court records, but the same principle applies to the records of a corporation. They are usually kept by a secretary or other official of the corporation, upon whom devolves the special duty, and are kept in a room or place where the corporation has its office. But it may be said that, inasmuch as the witness testified that he attached a copy, the appellant, if not satisfied that such document was a copy, or if he desired to know the facts upon which the witness based his conclu-

sion, should have ascertained the source of witness' information on cross-examination when the deposition was being taken. But not so. The burden was on appellee to prove the copy before it was competent testimony. The certificate of E. R. Powers, on the fly leaf of the book purporting to be the rules of the New York Cotton Exchange, that "this is a true copy of the charter and by-laws of the New York Cotton Exchange" was not sufficient to prove the copy. Powers was not a witness. It is not shown by any witness that he was the superintendent of the New York Cotton Exchange, nor that, as such superintendent, it was his duty to keep the records of the New York Cotton Exchange, nor that he was familiar with the rules of the New York Cotton Exchange, nor that he knew this to be a copy thereof, after having examined and compared the same with the original. The book itself could not be used to prove Powers' official position or his duties, until it was first properly proved to be the rules and by-laws.

The charter of the New York Cotton Exchange was likewise not properly proved. The statute incorporating it was a private statute (Laws New York, 1871, p. 724), and the act of April 11, 1901, p. 164, providing that the courts of this state shall take judicial knowledge of the laws of other states, does not apply to the private statutes of those states. The record recites that "the plaintiff, to further maintain the issues on his part, introduced the charter of the New York Cotton Exchange, which is embodied in an act of the legislature of the State of New York, which is in words and figures as follows, to-wit." Then follows what purports to be an act incorporating the New York Cotton Exchange. The appellant objected to the introduction of this act, because "it was not properly certified to or shown by any competent evidence to be an act of the legislature of the state of New York; that it was not proved as required by law." The statute law should have been proved by a production of the statute itself, the printed acts purporting to have been published by authority of the state. Crawford's Dig., Evidence, VI.

Inasmuch as the findings of the court was based upon incompetent testimony, it would be premature, if not improper, to discuss the legal effect of such testimony. Therefore we do not pass upon the other questions presented in the brief of appellant.

For the errors indicated, the judgment is reversed, and the cause is remanded for new trial.

BUNN, C. J., and BATTLE, J., dissent.