JOHN M. QUICK ET AL., APPELLEES, V. MODERN WOODMEN OF AMERICA, APPELLANT.

FILED MARCH 26, 1912.     No. 16,657.

1. **Insurance:** BENEFICIAL ASSOCIATION: BY-LAWS: REPEAL. Minutes of the proceedings of the legislative body of a fraternal benefici-ary association, by merely reciting that a section of the by-laws has been amended and repealed, do not prove that the provisions of the original section have been eliminated from the by-laws, where neither the original nor the amended section is disclosed.

2. ———: ———: ———: RE-ENACTMENT. The simultaneous repeal and re-enactment, in terms or in substance, of parts of a by-law of a fraternal beneficiary association preserve without interruption the re-enacted provisions of the original by-law.

3. ———: ———: ACTION: INSTRUCTIONS. Where defendant's pleadings and proofs in a suit on a fraternal beneficiary certificate tend to show that assured changed his occupation from painter to locomotive fireman, that he was killed while engaged in the duties of his new employment and that the change was made under conditions releasing defendant from liability under the terms of the insurance contract, it is error for the trial court to refuse an instruction that plaintiff is not entitled to recover, if the jury find the facts to be as stated.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. Reversed.

Talbot & Allen and Benjamin D. Smith, for appellant.

George W. Berge, contra.

ROSE, J.

This is an action to recover $1,000 on a fraternal beneficiary certificate issued by defendant to Charles S. Quick, May 20, 1908. Assured died November 14, 1908. Plaintiffs are named in the certificate as beneficiaries. From a judgment in their favor defendant has appealed.

It was pleaded as a defense that assured's application for membership and the by-laws of the fraternity were parts of the insurance contract; that assured in his application stated he was a painter, and paid assessments at the agreed rate for that occupation; that he afterward entered the hazardous occupation of locomotive fireman without paying the increase for the extra hazard, and without complying with sections 16 and 17 of the by-laws which required him to procure from defendant a certificate covering the new risk; that he was killed while engaged in the performance of the duties of his new employment, and that on the facts stated defendant was, by contractual terms fully pleaded, not liable for the payment

of any insurance. In the reply plaintiffs pleaded that assured's application was written by agents of defendants; that in answer to a question asked by defendant's agent assured correctly answered that he was a locomotive fireman; that, personally knowing the fact, the agent incorrectly inserted "painter" in the application as the answer; that the rate required by defendant was paid and that section 16 of the by-laws relating to the increased rate to be paid by a locomotive fireman had been waived by defendant and had been repealed prior to the death of assured. The by-laws pleaded by defendant were introduced in evidence, and there is direct proof that assured, in making his application, was asked to state his occupation, and answered that he was a painter; that the answer as given was written in the application, which was signed by assured, and that he was in fact engaged in that occupation at the time. It is at least doubtful whether there is sufficient evidence in the bill of exceptions as it now stands to sustain a finding that the occupation in which assured was really engaged was not correctly written in the application as given by him. That he was killed when performing the duties of a locomotive fireman is shown by evidence not disputed.

Plaintiffs, in attempting to prove that sections 16 and 17 of the by-laws, which, if binding on assured, released defendant from the increased hazard of the changed occupation of locomotive fireman, if he engaged therein without paying the increased rate and without procuring a certificate covering the new risk, offered in evidence the following entries from the record of a meeting of the head camp, or defendant's legislative body, which convened in June, 1908, the action having been taken in considering the report of the law committee: "Reading Clerk: Section 16, beginning on page 17, is stricken out. There is a new section 16, or almost new, substituted for it. The question is now upon the adoption of section 16 as amended. All those in favor of the adoption of this section will vote aye, those opposed, no, and the section is

adopted. The Reading Clerk will read the next. Reading Clerk: Section 17, starting at the bottom of page 18. General Attorney Plantz: If there is no objection to section 17 as submitted by the law committee, we will consider it adopted. There is no objection and it is adopted."

It is contended by plaintiffs that sections 16 and 17 were repealed before assured was killed, and that therefore his beneficiaries did not lose their insurance, even if there was a violation of those by-laws. Plaintiffs' failure to prove that the original provisions relating to the increased hazard did not remain in the new enactments is a sufficient answer to this argument. The by-laws pleaded and proved by defendant were parts of the original contract' of insurance and were made so by the terms of the contract itself. Having alleged in the reply that section 16 had been repealed and that the contract had been thus changed, the burden was on plaintiffs to prove facts showing that the original provisions relating to the hazardous occupation of locomotive firemen were not carried into the amendments. The simultaneous repeal and re-enactment of parts of a law, in terms or in substance, preserve without interruption the re-enacted provisions. *State v. McColl,* 9 Neb. 203; *State v. Bemis,* 45 Neb. 724; *Stenberg v. State,* 50 Neb. 127. Within the meaning of this rule, that part of the proceedings of the head camp introduced in evidence does not show that the provisions relating to the hazardous occupation of locomotive fireman were not continued without interruption in the amendments of sections 16 and 17. There is no other proof to show that those sections were unconditionally repealed in a form which eliminated the provisions relied upon by defendant. The amendments of 1908, however, are in the record, and it is unnecessary to determine whether they should be considered; but, if it were proper to resort to them to see what was in fact done by the head camp, they would show that the changes did not eliminate the provisions pleaded by defendant as a defense.

With the proofs in the condition indicated, defendant requested and the court refused the following instruction: "The jury are further instructed that the by-laws of the defendant society provide that engaging in or entering on, or continuing in, the occupation of railroad locomotive fireman by any beneficiary member of the society shall totally exempt said society from any and all liabilities to such member, his beneficiary or beneficiaries on account of the death of such member directly traceable to employment in such hazardous occupation, unless such member shall have complied with the by-laws of the defendant extending his certificate to cover the hazards of such occupation, and shall have made application therefor and paid the increased rate provided in the by-laws of members engaging in such hazardous occupations, and you are instructed that if you find from the evidence that the said Charles S. Quick, after signing the application herein, engaged in the occupation of railroad locomotive fireman, without having complied with the defendant's by-laws extending his certificate to cover the hazards of his occupation and without having made application therefor and paid the increased rate required by the by-laws for members engaging in such hazardous occupations, then you are instructed that the defendant herein would be totally exempted from any and all liability to such member, his beneficiary or beneficiaries on account of the death of such member directly traceable to employment in such hazardous occupation."

To make available to defendant the terms of its contract, as shown by the pleading and proof already outlined, the foregoing instruction, or one of similar import, was necessary. The failure to give it was prejudicial error for which the judgment in favor of plaintiffs must be reversed.

Other errors of which complaint is made will not likely recur in the further proceedings, in view of the discussion of the principal assignment, and will not be con-

sidered further, since the judgment must be reversed for the error already pointed out.

REVERSED AND REMANDED.

REESE, C. J., not sitting.