THOMAS J. YONDA, APPELLEE, V. ROYAL NEIGHBORS OF AMERICA, APPELLANT.

FILED SEPTEMBER 26, 1914. No. 17,796.

1. **Insurance: APPLICATION: FALSE STATEMENTS.** An applicant for insurance, who in response to a question whether within the last seven years the assured "had consulted any person, physician or physicians in regard to personal ailment" answered "No," did not make a false and untrue answer which will nullify the contract, even though it be shown that on one or two occasions she had consulted a physician for minor and temporary disorders.

2. ———: ———: ———. Such an applicant answered "No" to a question as to whether she ever had any of a list of diseases, among which was named "la grippe." The evidence shows that upon one occasion when a doctor had been called to attend her children he, upon the suggestion of another member of the family, gave her medicine for what he in his evidence named variously "influenza, la grippe, a common cold." *Held*, That this did not establish a defense based upon the alleged falsity of the answer.

3. **Evidence: RECORDS AND BY-LAWS OF FRATERNAL BENEFIT ASSOCIATION:. PROOF.** The records and by-laws of a fraternal beneficiary association must be proved in the same manner as those of other private corporations.

4. **Appeal: RECORD: REVIEW.** Where the appellant complains of errors committed with respect to a defense based upon the existence of certain by-laws, and there is no competent proof in the record of such by-laws, such alleged errors will not be considered, even though a printed pamphlet, said to contain such by-laws, had been admitted in evidence by the trial court.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan, U. A. Screechfield* and *E. A. Enright,* for appellant.

*Hoagland & Hoagland, contra.*

LETTON, J.

Annie Yonda on January 24, 1910, applied for insurance in the defendant, a fraternal beneficiary insurance asso-

·ciation, naming the plaintiff, her husband, as beneficiary. A physical examination was made by defendant's medical ·examiner, the application approved, a certificate issued, which was not delivered until April 6, 1910. She died on November 18, 1910. Defendant refused payment, alleging that the applicant made false answers to certain questions in the application, which she warranted to be literally true, and that the certificate was never in effect by reason of the facts that certain by-laws of the order provided that, if not delivered while the applicant was in sound health, and, if a woman, not pregnant, liability should not attach, and that the applicant was not in sound health, and was pregnant at the time of delivery. The answers to the following questions are specifically alleged to be false: "17.- A. 'Are you now of sound body, mind and health and free from disease or injury?' 'Yes.' 18-A. 'Have you within the last 7 years consulted any person, physician or physicians in regard to personal ailment?' To which question the said Annie Yonda answered 'No.' 25. 'Have you ever had any disease of the following named organs or any of the following named diseases or symptoms: Bronchitis, consumption, diseases of stomach, lungs, lagrippe, pneumonia?' To which questions the said Annie Yonda answered 'No' in each instance. 27-A. 'Have you ever lived in the family with or nursed any person who was afflicted with or died from consumption?' To which question the said Annie Yonda answered 'No.' 31-A. 'Have you any relatives who have been afflicted with consumption?' Answer: 'No.' 34-K. 'Are you now pregnant?' To which question the said Annie Yonda answered 'No.' "

The record convinces us that Mrs. Yonda apparently, and so far as she knew, was of "sound body, mind and health and free from disease or injury" on January 24, 1910, at the time she was examined. There is no proof that she had ever consulted a physician within seven years for a personal ailment, except that, several years before, a doctor had prescribed for a swollen breast while she was nursing a child, and that in April, 1909, when a doctor had been called to the home for her children he, at the sugges-

tion of another member of the family, gave Mrs. Yonda some medicine for a cold which had temporarily suppressed her menses. Her answers to the other questions were true, at least the defense has failed to show to the contrary, unless the slight ailment referred to, and which was variously termed by the doctor "influenza," "la grippe," and "an ordinary cold," for which he only gave medicine once, must be considered as a "disease." We cannot consider that this is a reasonable construction to be given the language of the application. Such a slight indisposition is not in ordinary parlance so termed. The language used in these questions should be taken as understood by ordinary individuals who may apply for insurance, and not in a highly technical sense. Moreover, a lapse of memory as to consulting a physician within seven years for such trifling ailments not material to the risk should not be held to vitiate the contract. To so hold would be unreasonable, unfair and unjust. *Modern Woodmen of America v. Wilson*, 76 Neb. 344; *Blumenthal v. Berkshire Life Ins. Co.*, 134 Mich. 216. We are convinced that Mrs. Yonda was not pregnant at that time, and that her answer as to this condition was literally true.

The second defense depends upon certain provisions which are alleged to be contained in the by-laws of defendant. We find it unnecessary to consider this defense, for the reason that there is no competent evidence in the record as to the existence of any such by-laws. The deposition of the supreme recorder of defendant was offered in evidence. After testifying that she was the custodian and keeper of the records of the order, and of its by-laws, and had been such since the 5th of July, 1911, she was asked: "Q. Are you the custodian of the by-laws of the Royal Neighbors of America that were in force during the year 1910? A. I am. Q. Will you produce the by-laws that were in force throughout the year 1910 up to and including the 18th day of November, 1910, mark same 'Defendant's Exhibit A,' and hand them to the notary now taking your deposition, to be attached thereto as a part thereof? A. I will, and herewith hand to the notary, now

taking my deposition, the by-laws of the Royal Neighbors of America that were in force throughout the year 1910, and up to and including the 18th day of November, 1910. I have marked same 'Defendant's Exhibit A,' and they are to be attached to this, my deposition, as a part thereof."

At the trial the plaintiff objected to the exhibit purporting to be the by-laws as "incompetent, immaterial and irrelevant, and there is no proper foundation laid for the exhibit, and for the further reason that the said exhibit shows upon its face that it is not what the witness testifies it to be, but that said exhibit shows that it is a purported publication or printed copy of some purported by-laws of the Royal Neighbors of America alleged to have been adopted May 12, 1908, with no certificate of any officer of the organization showing that it is the official by-laws of the organization; that the witness shows that she was not the recorder and keeper of the records of said society during the period of time in controversy in the action herein, but has become such officer since the plaintiff's cause of action accrued, and no foundation is laid for the offer of the purported by-laws in evidence." The objection was overruled.

A fraternal beneficiary association is a private corporation, and its organization, books and records must be proved in the same manner as those of other private corporations. As against a general denial of such an allegation in an answer, the best evidence as to the adoption or existence of by-laws by a private corporation is the production of the original record duly authenticated by the testimony of the proper custodian. If it is shown that the books themselves should not, for any good reason, or cannot conveniently, be attached to the bill of exceptions, then a printed copy duly authenticated by the testimony of one who has compared it with the original may be received and attached thereto. The mere production of a printed pamphlet which shows upon its face that it is not the original record, and as to which there is no testimony that it has been compared or examined with the original record, is not sufficient. It is obvious that the pamphlet produced is not an

original record, and the testimony of the supreme recorder that the printed papers produced "are the by-laws in force" during certain years is of no more weight than that of any other person. When it is sought to defeat the payment of a claim by reason of some provision in a by-law, the fact that the by-law exists must be established by the best attainable evidence. It was also attempted to show the fact that this printed pamphlet contained the by-laws in force in 1910 by the evidence of Mr. Enright, who testified that he was a member during that year of the beneficiary committee of the order, and that these were the by-laws in force at that time. This was also objected to, for like reasons. This evidence was vulnerable to the same objection, because the statement by a third person that a printed pamphlet contains by-laws in force during a certain year is nothing more than parol evidence as to a fact of which the records of the corporation are the best evidence. We think this principle is elementary. 3 Jones, Commentaries on Evidence, secs. 515, 522; *Atlantic Mutual Fire Ins. Co. v. Sanders,* 36 N. H. 252; 1 Bacon, Benefit Societies and Life Insurance (3d ed.) sec. 79; *Durbrow v. Hackensack Meadows Co.,* 77 N. J. Law, 89; *Dennis v. Joslin Mfg. Co.,* 19 R. I. 666; *Independent Order of Foresters v. Zak,* 136 Ill. 185, 29 Am. St. Rep. 318; *Quick v. Modern Woodmen of America,* 91 Neb. 106; 3 Elliott, Evidence, secs. 1943, 1947.

Defendant relies upon certain language used in the opinion in *Supreme Lodge Knights of Pythias v. Robbins,* 70 Ark. 364, 67 S. W. 759, in which the printed pamphlet offered was subject to like infirmities. In that case the court said: "This pamphlet is not such a publication as proved itself. Its correctness must be established by evidence, and, instead of so much circumlocution, the witness should have stated that he had compared it with the record of these laws, and that it was a true copy of the same." This is the correct rule, and confirms our holding in this case. The court, however, proceeds to indicate in a tentative manner, as follows: "If he had stated that he was the keeper of these records, and knew their contents,

this, in connection with his other testimony, might have been sufficient; or, if he stated that this pamphlet had been published by the authority and under the sanction of the supreme lodge of the order for the guidance of the subordinate branches of the order and the members thereof, even this might have been sufficient to raise a *prima facie* presumption that it was a correct copy, as against a member of the order or a benficiary of its policy. But he does not do this. On the contrary, he endeavors to show the terms of the law, and that it had been legally enacted, by parol, and then refers to a printed pamphlet, which he says is an official publication of the constitution and general laws of the endowment rank." These are the expressions upon which defendant relies. They are not applicable to the testimony in this case, formed no factor in the disposition of that case, and are mere dicta.

Defendant insists that this error cannot avail the plaintiff, for the reason that, if the court erred in admitting the by-laws as evidence this of itself would require the reversal of the case, and the cause should be remanded for another trial. We do not take this view. The plaintiff has established his right to recover unless the defendant has proved by competent evidence the existence of certain by-laws. The question now presented to this court is. whether in the conduct of the trial errors occurred which were prejudicial to the substantial rights of defendant. If we find the judgment was warranted by the law and the facts, irrespective of the error committed which gave the defendant the privilege of introducing evidence to which it was not entitled, the judgment should be affirmed. A reviewing court does not sit for the mere purpose of determining whether every rule has been strictly followed, but its proper function is to protect the substantial rights of the parties to the suit. Moreover, a party cannot complain of errors made which are to his advantage.

Complaint is made of instructions given by the court. Those bearing upon the first defense are in conformity with the rule in *Royal Neighbors of America v. Wallace*, 66 Neb. 543, 73 Neb. 409, and *Modern Woodmen of America v.*

*Wilson, supra.* While the language used in some of the instructions relating to the second defense with respect to "fatal disease" seems to be too restrictive, since this defense was not established by the evidence it could not be prejudicial. We are also of opinion that the instructions tendered by the defendant were properly refused for the reason that on several points they are in conflict with the law as expressed in the Nebraska cases cited.

Finding no error in the record prejudicial to defendant, the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.