CORNELIUS F. BEELER ET AL., APPELLEES, V. SUPREME TRIBE OF BEN HUR, APPELLANT.

FILED OCTOBER 14, 1921. No. 21600.

Insurance: APPLICATION: REPRESENTATIONS AND WARRANTIES. Certain statements, consisting of questions and answers in an application for insurance, set out in the opinion, examined, and *held* to be representations, and not warranties; that, in order to establish

a defense based on the alleged falsity of said statements, it is incumbent on the defendant to prove that said questions were asked and answered by assured as written in the application; that they were false in some respect material to the risk; that they were made by the assured knowingly with the intent to deceive; that the defendant relied upon said representations and was deceived by them to its injury.

APPEAL from the district court for Furnas county: CHARLES E. ELDRED, JUDGE. *Affirmed as modified.*

*Garlow & Long* and *R. J. Harper,* for appellant.

*Lambe & Butler* and *J. F. Fults,* contra.

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS and MORNING, District Judges.

CLEMENTS (E.J.), District Judge.

This action was brought by the plaintiffs, as guardians of Margaret E. Axtell, minor daughter and beneficiary of J. Edward Axtell, deceased, on a beneficiary certificate for $2,000 issued on June 23, 1916, by defendant to said J. Edward Axtell, who died April 1, 1917. From a verdict and judgment in favor of plaintiffs, defendant appeals.

The petition is in the usual form employed in such a case, and all the material allegations thereof are admitted in defendant's amended answer. Defendant pleads fraud on the part of the assured in procuring said insurance as a defense to the action. The substance of the allegations in the answer on which this defense is based is that Axtell made a written application for membership, which is a part of the insurance contract, in which appears the following questions and answers thereto by applicant, to wit: "How long since you consulted or were attended by a physician? One year." "For what disease? La grippe." "Have you had any severe illness or injury not mentioned above? No." That said answers were false and fraudulent; that assured well knew that he had been treated shortly before for bronchitis and pneumonia; that prior to the date of said application applicant was suffering from heart trouble and was in a weakened con-

Beeler v. Supreme Tribe of Ben Hur.

dition, which he well knew, and failed to reveal said facts to defendant, all of which were unknown to it; that said fraudulent misrepresentations and concealment were intentional for the purpose of deceiving defendant; and that, if it had known the truth in regard to said matters, it would not have accepted said Axtell as a beneficiary member. In the reply plaintiffs deny every allegation in the answer, and allege that at the time said certificate was issued, prior thereto, and during the lifetime thereof, defendant had full knowledge of the true physical condition of assured, and with such knowledge collected and retained all monthly dues on said certificate.

Under the rule for distinguishing between representations and warranties in an application for insurance laid down in *Ætna Ins. Co. v. Simmons*, 49 Neb. 811, and followed in *Kettenbach v. Omaha Life Ass'n*, 49 Neb. 842, *Ætna Life Ins. Co. v. Rehlaender*, 68 Neb. 284, *Goff v. Supreme Lodge, Royal Achates*, 90 Neb. 579, *Yonda v. Royal Neighbors of America*, 96 Neb. 730, and other cases, we have no hesitancy in holding that the statements of assured in the application complained of are representations, and not warranties. It is apparent that defendant entertained the same opinion when it filed its amended answer herein, for the defense therein pleaded is not that of a breach of warranty, but is that of fraud and deceit on the part of the applicant in making said alleged false answers and misrepresentations, which defendant alleges were made intentionally for the purpose of deceiving defendant.

The chief distinction between a warranty and a representation in insurance law is that the former is the assertion by the assured of some fact, on the literal truth of which the validity of the policy depends, without regard to the materiality of such fact; while a representation is also the assertion by the assured of a fact, but the validity of the policy does not depend upon the literal truth of said assertion. *Ætna Ins. Co. v. Simmons, supra.*

In the case at bar the defendant treated the answers

complained of as representations, pleaded their falsity, alleged that said false statements were knowingly and intentionally made to deceive defendant; and, in order to establish such defense, it was incumbent on the defendant to prove that said questions were asked and answered by assured as written in the application; that they were false in some respect material to the risk; that they were made by the assured knowingly with the intent to deceive; that the defendant relied upon said representations and was deceived by them to its injury. *Kettenbach v. Omaha Life Ass'n, supra; Ætna Life Ins. Co. v. Rehlaender, supra;* Rev. St. 1913, sec. 3187. Defendant recognized the correctness of the foregoing propositions and on the trial assumed the burden and introduced evidence tending to prove all of them.

In their brief counsel for defendant have abstracted the evidence introduced by them to prove the answers to the questions complained of were false and that assured knew that they were false. The only evidence referred to or offered to prove that it had not been one year before the date of the application since Axtell had consulted or was attended by a physician is the testimony of Dr. Barta. This witness testified that he made an examination of assured some time in the year 1916; that he did not know and would not say whether it was before June or not. On being asked whether he would say it was in the first or last half of the year 1916, he answered that, if he was to guess, he would put it in the first half, but that he could not say definitely when it was. Fraud is not presumed and cannot be established by the guess of a witness. This evidence falls far short of proving conclusively the falsity of said answer.

To prove the falsity of assured's answer to the question, "Have you had any severe illness or injury not mentioned above?" counsel refer to the testimony of the witness Beranek to the effect that, in the fall of 1915, Axtell was sick and told witness that he had dropsy; also the testimony of Drs. Brewster, Green, and Week. Dr. Brewster

testified that he had treated assured for heart trouble in September, 1914; Dr. Green, that he had treated him about the same time for bronchial pneumonia; and Dr. Week, that he had treated him in the spring of 1915 for pneumonia. There is no evidence to show whether the sickness testified to by the witness Beranek was of long or short duration. It evidently was not very serious, as it is not shown that a doctor was called, and none of the physicians testified that Axtell had dropsy or that he was ever treated therefor. Not one of said physicians testified that he informed assured what he was treating him for, and the only competent evidence to show that assured knew he had, or had been treated for, any of the diseases mentioned by the doctors is wholly circumstantial. Assured did not die of dropsy or pneumonia, but of mitral and bicuspid insufficiency and tuberculosis. None of the doctors claim to have treated assured for tuberculosis before the date of his application, and only one, Dr. Brewster, for heart trouble, and his treatment was in September, 1914. This doctor does not state whether the trouble was severe or not, whether it was of short or prolonged duration, whether assured was confined to his bed or not, and whether the doctor saw or treated him on more than one day. If assured did have heart trouble in September, 1914, it would seem that it was not serious, as Dr. Newbecker's examination, made in June, 1916, shows the heart to have then been in good condition, and the doctor said that, if assured had heart trouble at that time, it was latent, as she was unable to detect it. If a trained physician was unable to discover any heart trouble, how can it be said that assured's heart was diseased, and that he knew it?

The question of whether assured had had any severe illness is one of fact for the jury. "A jury is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, but neither are they required to accept and give effect to testimony which they find to be unreliable, although it may be uncontradicted." *State v.*

*Woods,* 102 Kan. 499. The credibility of the witnesses and the weight to be given to their testimony was for the jury to determine, and we are not prepared to say that its finding on this question of fact is so clearly wrong as to require a reversal of the judgment.

We have read all the evidence received, that offered and excluded, the objections thereto, and find no prejudicial error in the rulings of the court thereon.

Defendant requested the court to submit four special interrogatories to the jury, which request was refused, and this refusal is alleged to be error. The submission of special interrogatories, when requested, is within the discretion of the court (*Huxoll v. Union P. R. Co.,* 99 Neb. 170), and the refusal to submit the interrogatories requested by defendant herein was not an abuse of such discretion.

Defendant's contention that the court erred in refusing to give its requested instruction No. 5, and in giving instructions Nos. 3 and 4 by the court, may be properly considered together. The substance of said requested instruction is embodied in instruction No. 3, given by the court. It contains a clause which appears to be, in substance, the same as the clauses in said instructions Nos. 3 and 4, given by the court, complained of; and the defendant will not be permitted to take advantage of an alleged error in giving instructions because of a proposition therein which is substantially like the one in the instruction requested by it.

Counsel's assignment and presentation in this brief of the alleged errors of the court in refusing to give instructions Nos. 6, 7, 8, and 9, requested by defendant, are so vague and indefinite that they do not merit consideration. However, an examination of said instructions shows that some of them are based on the theory that the answers to the questions in the application complained of are warranties; that some assume facts, and thus invade the province of the jury; and that all of the correct legal propositions stated therein applicable in this case are em-

bodied in and covered by the instructions given by the court.

Counsel do not contend that instruction No. 5, given by the court, is not a correct statement of the law, but insist that it is not supported by the evidence. This instruction is evidently based upon plaintiff's theory that defendant failed to prove that the answers written in the application by Dr. Newbecker were made by deceased, or that he signed part II of said application. The reply contained a general denial. The burden of proving every material allegation in the amended answer rested upon defendant. Among these are the allegations that assured made a written application in which were his answers to questions alleged to be false; and counsel for plaintiff contend that Dr. Newbecker's testimony proves that the answers in the application are the answers of the doctor, and not those of assured. However, the giving of an instruction which is not applicable to the issues or evidence will not work a reversal of a judgment unless the rights of the complaining party were prejudiced thereby. *Burlington & M. R. R. Co. v. Gorsuch*, 47 Neb. 767; *McClellan v. Hein*, 56 Neb. 600. We perceive no prejudice resulting to defendant from the giving of said instruction which requires a reversal of the judgment herein.

We do not think that counsel's criticism of instructions Nos. 6, 7, 8, and 9, given by the court, is justified, or that the giving of same constitutes prejudicial error. It devolved upon defendant to prove that the answers complained of were made by assured, and that he had theretofore had a "severe illness" within the correct meaning of that term; and it was not error for the court to define "severe illness," nor to put the burden of proof upon defendant, as was done in instructions Nos. 6 and 7.

Instruction No. 8 appears to correctly state the law; and counsel's criticism of instruction No. 9, which they say "in general terms states the law," is hypercritical.

We find that the amount allowed the plaintiffs by the trial court as attorneys' fees is excessive and should be

reduced to $350. It is therefore ordered that said amount for attorneys' fees be, and the same is, hereby reduced to $350; and the judgment of the trial court, as thus modified, is affirmed; and an attorney fee of $150 allowed plaintiffs' attorneys in this court.

AFFIRMED AS MODIFIED.