SUPREME LODGE WOODMEN OF UNION *v.* MONTGOMERY.

Opinion delivered July 2, 1928.

866

*J. DeWitt Shackleford* and *John D. Shackleford,* for appellant.

*Scipio A. Jones,* for appellee.

MEHAFFY, J. The appellee brought suit in the Pulaski Circuit Court to recover $500 on an insurance policy issued by the appellant to Mary Martin Montgomery, mother of appellee.

The defendant admitted issuing the policy, and admitted that the assured paid the premiums, and that it was indebted to the appellee in the sum of $250, less amounts already paid. Appellant, however, contends that the insured was not entitled to recover $500 because she knowingly misrepresented her age, and the amount should be one-half of the $500, because it is alleged she gave her age as 42, when her correct age was 47. Mary Martin Montgomery had paid premiums for eight years. Defendant alleged in its answer that the age limit in the grade in which the insured was, was 45, that persons must be between 15 and 45 years, and above 45 they would be entitled to one-half the benefits. The policy was issued in December, 1918, and the insured died in September, 1926. There is no dispute about her being

in good standing at the time of her death, and the only controversy or dispute as to liability is the claim that she misrepresented her age, and for that reason is only entitled to half the benefits. Since this is the only issue in the case, except questions as to the admissibility of evidence and instructions of the court, it is unnecessary to set out the provisions of the policy or the evidence, except as it relates to the question of her age.

.The appellant requested the court to give the following instruction:

''The court instructs the jury that, if they find from the testimony that a policy for $500 would not have been issued by the defendant except on the representation in the application that the insured was 42 years old, and if you further find from the testimony that, as a matter of fact, the age of the applicant at the time of making the application was 47 years of age, and the amount permitted would have been only $250, then your verdict will be for the defendant, and you will so find.''

Appellant insists that the court erred in refusing to give this instruction. The instruction was improper, in the first place, because it directed the jury to find for the defendant if they found that her age was 47 instead of 42, although appellant admitted in its pleading that she was entitled to $149, that is $250, less the amounts which had been paid. Therefore it was improper, in any view of the case, to direct them to find for the defendant. The instruction was also improper for another reason. There is no testimony in the record tending to show that there was any misrepresentation as to her age, and the court properly directed a verdict for the plaintiff for $500, less the amounts which had been paid. It is conceded that, if her age was correctly stated in the application, she was entitled to $500, and the undisputed proof in this case shows that her age was correctly stated, or rather, there is no proof tending to show that it was not correctly stated.

The appellee testified that her mother said she was 38 at the time she entered the lodge. The proof of death,

sworn to by several persons, showed that she was 45 years of age at the time of her death, eight years after she became a member of the lodge.

Appellant complains of the action of the court in refusing to permit it to introduce what it claimed were copies of the constitution and laws of the order. Section 6097 of Crawford & Moses' Digest provides for amendments to constitutions and laws to be filed, and further provides as follows: "Printed copies of the constitutions and laws as amended, changed or added to, certified by the secretary or corresponding officer of the society, shall be *prima facie* evidence of the legal adoption thereof." This proof was not offered. Appellant insists, however, that, while this was the best evidence, secondary evidence is admissible where the same is offered without proper objection. Appellant offered to introduce what the witness said were copies of the constitution and by-laws. They were not certified, and the witness offering them was not the secretary, and there was no competent evidence offered by the appellant as to the provisions of the constitution or laws of the order.

The appellant states that it relies on the case of *Supreme Lodge Knights of Pythias* v. *Robbins,* 70 Ark. 364, 67 S. W. 758, which it states would be in point had proper objections been made to the testimony offered. In that case the court said: "The rejected evidence, that is, the copy of the constitution and by-laws, was not attached or set out in the bill of exceptions, and the court was not able to get a clear idea as to what this document was or purported to be, and is not able to say that the court erred in excluding it." The court further said, in that case: "But, even if the pamphlet had been included in the bill of exceptions, we would probably still have to hold that it was not shown to be a true copy by one having knowledge of the fact." The court also said in the same case: "With reference to evidence of a witness as to what the law was, that the laws of the order were matters of record on the books

of the order, and that they could not be proved by parol. * * * As it would be inconvenient to produce the original books, they should have been proved by an examined or an authenticated copy.''

.The objections to the testimony in the instant case were sufficient. The testimony offered was wholly incompetent.

Appellant also insists that the court erred in excluding the cards which were exhibits 1 and 2. The undisputed evidence shows that these cards were copied from the application, and the witness who offered to testify to them admitted that he did not make the copy, and he could not say that it was an exact copy; he had not examined it, and there was no evidence that the application itself could not be introduced. It is true the witness says the application was probably lost when they moved, but there is no testimony offered that any search had been made for it, and no offer to introduce a copy by any person who knew that it was a copy. There is therefore no competent evidence in the record that tends to show that the age of Mary Martin Montgomery was misstated in her application, and, since it is admitted in the pleadings that she had been a member, paying her dues for eight years, and admitted that, but for the misrepresentation as to her age, she would be entitled to the $500, there was nothing to submit to the jury.

Another reason why the exclusion of the cards was not error, is that it showed the payments made, and those payments were not disputed, and were deducted from the $500, and a verdict directed for the difference. Appellant claims that it had paid $149, being the difference between $250 and the amount paid, but the undisputed proof shows that the appellee never received the check, and it is also admitted in the evidence of appellant that, some time afterwards, the check was redeposited by the appellant, and, according to its own admission, it owed $149.

Appellant does not set out the testimony it offered, but simply calls attention to it in its motion for new

trial, and, in order to have it passed on by this court, it would be necessary for appellant to abstract the testimony. The answer in this case admits liability, admits that the assured paid premiums for eight years, that she was in good standing at the time she died, and that its only defense is that she misrepresented her age, and there is no competent evidence offered tending to show that there was a misrepresentation as to her age; on the contrary, the competent evidence that her age was correctly stated is undisputed. The court therefore did not err in directing the verdict for plaintiff for $500, less the amounts which had been paid, and the judgment of the circuit court is affirmed.