FRANK L. POLLARD ET AL., APPELLEES, V. ROYAL HIGH-LANDERS, APPELLANT.

FILED APRIL 23, 1935. No. 29257.

*L. A. Flansburg, O. B. Clark* and *E. S. Schiefelbein,* for appellant.

*J. H. Barry*, contra.

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Carter, J.

This is an action at law commenced by the appellees as beneficiaries under a certificate of insurance issued to Catherine A. Pollard in her lifetime by the Royal Highlanders, a fraternal beneficiary society for the amount of $1,000. The appellees obtained a verdict and judgment for the full amount of the policy. From the overruling of its motion for a new trial, the appellant appeals.

The evidence in this case discloses that Catherine A. Pollard was issued a certificate of insurance for $1,000 on June 1, 1930. Under the provisions of that certificate she was required to pay $4.70 a month, and a failure to so do suspended her membership and rendered the policy void. The payments for June and July were paid, but she failed to make the payments due in August of 1930 and the months following up to and including January, 1931. On February 9, 1931, Catherine A. Pollard forwarded a check for all delinquent payments to the main office of the appellant at Lincoln, Nebraska, together with a certificate of good health, as required by the society in order to secure a reinstatement of the policy. The certificate of good health was in part as follows: "This is to certify that I, * * * desiring to become reinstated, do declare, guarantee and warrant on my honor that I am not engaged in any prohibited occupation of this society, that I am of sound constitution, good health and temperate habits, and that since the date of my application, I have sustained no personal injury, nor been afflicted with any disease or sickness from which I am not now fully recovered. This statement is given as a part of the consideration for my reinstatement, and I agree that, if the above statements be untrue in any respect, this reinstatement shall be void."

The appellant contends that Catherine A. Pollard was

not in good health at the time she made application for reinstatement; that her statements in the certificate of good health were warranties upon which appellant could rely, and, they being untrue, the policy was void. Appellant tendered back the premiums paid and denied liability.

The trial court instructed the jury on the theory that the statements of Catherine A. Pollard were representations and not warranties as contended by the appellant. The first question to be determined is whether the statements of Catherine A. Pollard contained in the certificate of good health are representations or warranties of her then physical condition.

In *Morrissey v. Travelers Protective Ass'n,* 122 Neb. 329, it was held: "It is definitely settled by this court, through a long line of cases, that, in determining whether statements made in an application for insurance are warranties or representations, the court will take into consideration the situation of the parties, the subject-matter, and the language employed, and will consider a statement made to be a warranty only when it clearly appears that such was the intention of the contracting parties. * * * It is equally well settled as the law of this state that a distinction is recognized between questions in an application which call for statements of conclusions of fact not expressly within the knowledge of the applicant, and in regard to which the insurance company has equal means of ascertaining for itself the truth, and, on the other hand, questions which call for information regarding facts necessarily and peculiarly within the knowledge of the applicant. It is held that an incorrect or untrue answer in an application for life insurance in reference to matters of opinion will not void a policy, but that an untrue answer in an application for life insurance as to matters which are peculiarly within the knowledge of the applicant, and material to the risk, will void the policy."

In *Royal Neighbors of America v. Wallace,* 73 Neb. 409, it was held: "An incorrect or untrue answer in an appli-

cation for life insurance in reference to matters of opinion or judgment will not avoid the policy if made in good faith and without intention to deceive."

In the case of *Aetna Life Ins. Co. v. Rehlaender,* 68 Neb. 284, the insured executed a certificate of good health containing the following provision: "I hereby certify that said Rudolph L. Rehlaender is now in good health, and that there is nothing in his habits or condition which is likely to impair his health or shorten his life." This was held to be a representation, and not a warranty.

In *Beeler v. Supreme Tribe of Ben Hur,* 106 Neb. 853, the applicant answered certain questions as follows: "How long since you consulted or were attended by a physician? One year." "For what disease? La grippe." "Have you had any severe illness or injury not mentioned above? No." The defendant offered evidence tending to show that the applicant had been treated shortly before for bronchitis and pneumonia and had previously suffered from heart trouble. The court in that case said: "We have no hesitancy in holding that the statements of assured in the application complained of are representations, and not warranties."

The chief distinction between a warranty and a representation in insurance law is that the former is the assertion by the assured of some fact, on the literal truth of which the validity of the policy depends, without regard to the materiality of such fact; while a representation is also the assertion by the assured of a fact, but the validity of the policy does not depend upon the literal truth of said assertion. *Aetna Ins. Co. v. Simmons,* 49 Neb. 811. We, therefore, hold that the statements made by Catherine A. Pollard in the certificate of good health in the case at bar are representations, and not warranties.

The law is also well settled in this state that, in order to defeat a recovery because of representations made to the insurer alleged to be false, the insurer must prove that the representations are untrue, and were made by the assured knowingly with the fraudulent intent to mis-

lead and deceive, that they were material to the risk, and were relied on by the defendant. *Aetna Life Ins. Co. v. Rehlaender, supra; Kettenbach v. Omaha Life Ass'n,* 49 Neb. 842; *Beeler v. Supreme Tribe of Ben Hur, supra.* The jury passed upon these questions and found for the plaintiff below. Does the evidence sustain the verdict?

The evidence shows that in September, 1930, the insured was ill with an attack of influenza from which she apparently recovered. From December 4, 1930, to December 20, 1930, she was in a hospital at Columbus, Nebraska, suffering from a heart ailment causing an impaired circulation. She was attended by Dr. Frank H. Morrow while at the hospital and was discharged therefrom by him on December 20, 1930, at which time he told her that he thought she was fully recovered. Dr. Morrow saw her again on January 22, 1931, and on February 1, 1931, and, while he advised her to continue the taking of medicine and to take care of herself, the record does not disclose that she was ever subsequently informed by Dr. Morrow that she was not fully recovered.

The evidence further shows that, at the time Catherine A. Pollard sent the certificate of good health to the appellant, it was accompanied by a certificate signed by Dr. S. B. Koory of Schuyler, Nebraska, as follows: "I hereby certify that I have carefully examined into the physical condition of Mrs. Catherine A. Pollard herein named and find her to. be in good health this 20 day of Jan. 1931, and recommend her as being qualified to be reinstated to beneficial membership in the Royal Highlanders." This statement would have a tendency to assure Mrs. Pollard that she was not then afflicted with any disease or sickness from which she was not fully recovered. The evidence of the physicians was supported by members of the family of the deceased to the effect that the conduct and statements of Mrs. Pollard disclosed that she thought she was at that time fully recovered. Dr. W. E. Doane of North Bend, Nebraska, testified that he attended Mrs. Pollard on and after March 15, 1931, more than a month

after her reinstatement, and that she was at that time ill with myocarditis and that her general condition was bad. Dr. Doane testified that Mrs. Pollard told him that she was in the hospital at Columbus and that she did not think she would get well. We are of the opinion that the evidence raises a question of fact for the jury to determine as to whether Mrs. Pollard made an untrue statement and whether she made it knowingly with intent to deceive. The jury having determined these facts under proper instructions of the court, they are conclusively established so far as this case is concerned. The evidence is sufficient to sustain the verdict.

We find no error in the record, and the judgment of the trial court is therefore affirmed, with an allowance to appellees of $100 as an attorney's fee for services in this court to be taxed as part of the costs.

AFFIRMED.